63 U.S. 111
 22 How. 111
 16 L.Ed. 329
 THE INSURANCE COMPANY OF THE VALLEY OF VIRGINIA,
PLAINTIFFS IN ERROR,
v.
MOSES C. MORDECAI.
 December Term, 1859
 
 THIS case was brought up by writ of error from the Circuit Court of the United States for the district of South Carolina.
 The insurance company had an agency established in Charleston, where their business appeared to be conducted by W. M. & J. C. Martin. The policy was not filled up or under the seal of the company, but the action was brought upon a written memorandum upon the policy, as follows:
 Messrs. Mordecai & Co. are insured in the sum of four thousand dollars on the freight of the barque Susan, hence to Rio Janeiro and back, to any port of discharge in the United States.
 $4,000 at 2 p. c., $80.
 June 11, 1855.
 The first above entry in the name of Mordecai & Co. should have been to M. C. Mordecai, and the amount insured was valued at the sum insured.
 W. M. & J. C. MARTIN, Agents.
 May 30, 1856.
 The declaration went on to state that the barque Susan, while proceeding on her said voyage, and before her arrival at her port of destination or final delivery, was by the perils and damages of the sea, and by stormy and tempestuous weather, and the violence of the winds and waves, bulged, broken, damaged, and spoiled; that the said barque had to put back to Rio Janeiro, and was unable to proceed on her said voyage, &c., &c.
 The defendants pleaded the general issue, and upon the trial the following bill of exceptions was taken, viz:
 And on the trial of the issue aforesaid, the said M. C. Mordecai, by his counsel learned in the law, to maintain and prove the issue on his part, gave in evidence and proved that he was the owner of the barque Susan, and that he made an offer to the agents of the defendants in Charleston for insurance of four thousand dollars on the freight of said barque from Charleston to Rio Janeiro, and from thence to a port of discharge in the United States, at a premium of two per centum, and that the offer was accepted, and the premium paid, and that the policy, according to the usage of the said company, was in blank. But a memorandum was signed by the agent, in the terms following, viz: 'Mordecai & Co. are insured on freight of barque Susan, hence to Rio Janeiro, and from thence to a port of discharge in the United States.
 Policy No. 209.
 $4,000, at 2 p. c. $80.
 June 11, 1855.
 W. M. & J. C. MARTIN Agt's.'
 That the vessel sailed from Charleston with a full cargo on the 11th day of June, 1855, when she was tight and strong, and arrived at the port of Rio Janeiro, where she discharged her outward lading, and took in a return cargo for the United States of thirty-eight hundred bags of coffee, at a freight of seventy-nine cents per bag, and on the 10th October, A. D. 1855, started on her return voyage, but by her want of strength and soundness was compelled to put back to Rio Janeiro, where she was condemned as unseaworthy and sold, and the whole freight of the return voyage was lost.
 Whereupon the counsel for the defendant insisted that the policy was an open policy, and the insurers liable for only one thousand dollars; but the court ruled and so instructed the jury that the agreement proved was for a valued policy; and then the defendant insisted that the four thousand dollars having been insured on the round voyage, the insurers, from the evidence, were liable for only one-half of the sum insured, the other half being covered by the freight of the outward voyage, and prayed the court so to instruct the jury; which instruction his honor, the presiding judge, refused to give, but charged the jury that the loss of the freight on the return voyage was a total loss, and that upon the case as above stated the plaintiff was entitled to recover the whole amount underwritten by the defendants; to which last-mentioned instruction the defendant excepted; and the jury thereupon gave their verdict for the plaintiff as and for a total loss of the sum underwritten. to wit, for the sum of four thousand dollars and interest. Whereupon, the counsel for the said company, because the matter aforesaid doth not appear by the record of the verdict aforesaid, did allege their exception to the opinion of the said judge, and did require that he should put his seal to this bill of exceptions, and thereupon the said judge, at the request of the counsel of the said Insurance Company of the Valley of Virginia, did put his seal, at Columbia, this second day of December, in the year of our Lord one thousand eight hundred and fifty-seven.
 A. G. MAGRATH, [SEAL.]
 Whereupon, the jury found a verdict for the plaintiff for four thousand dollars, with interest and costs.
 The case was argued by Mr. Robinson for the plaintiffs in error, and Mr. Phillips for the defendant.
 Mr. Robinson contended that the plaintiff was not entitled to recover anything, but that the clause in the policy attached, which exempted the assurers from responsibility in case the vessel should be declared unseaworthy, and that she was not seaworthy when she sailed from Rio Janeiro. Upon this point he cited a number of authorities.
 If the plaintiff was entitled to anything, his judgment is for too much, and his verdict is for too much.
 The contract of insurance is one of indemnity.
 Charleston Ins. and Trust Co. v. Corner, 2 Gill, 427, 428.
 Franklin F. Ins. Co. v. Hamill, 6 ib., 95.
 Here the bill of exceptions does not show a case of a valued policy, as in Davy v. Hallett, 3 Caines's Rep., 19; and Patapsco Ins. Co. v. Biscoe, 7 Gill and J., 294; but an open policy, as in Maitland v. Ins. Co., 3 Richardson, 332. No doubt the policy was for the whole voyage round, as in Columbian Ins. Co. v. Catlett, 12 Wheat., 386, 387. But treating the policy as open, the recovery could only be in respect of 3,800 bags of coffee, at a freight of seventy-nine cents per bag, amounting at most to $3,002.09. And then it might be a question whether from this there should not be a deduction in respect of the freight earned on the outward voyage from Charleston to Rio Janeiro.
 Robertson v. Marjoribanks, 2 Stark., 573, 3 Eng. C. L., 480.
 To avoid such deduction, the plaintiff has to insist that the freight insured is to be regarded as not on 'one entire voyage' from Charleston to Rio Janeiro, and thence to a port of discharge in the United States, but upon 'separate voyages' out and back, as in Rugg, &c. v. Augusta Ins. and Banking Co., 7 How., 610. This last position the appellants are not disposed to controvert; for treating the voyage from Rio Janeiro to a port of discharge in the United States as a 'separate voyage,' then, according to the opinion of Bosworth, J., in Van Valkenburgh v. Astor Mut. Ins. Co., 1 Bosworth, 66, the policy is, in effect, a distinct insurance for each separate voyage, and there is an implied warranty of the seaworthiness of the vessel, not only at the time of commencing the voyage from Charleston to Rio Janeiro, but also at the time of commencing the voyage from Rio Janeiro to a port of discharge in the United States.
 Mr. Phillips called the attention of the court to the bill of exceptions, which showed that the court ruled, and so instructed the jury, that the agreement proved was for a valued policy, and that this ruling was not excepted to; nor was the question of the unseaworthiness of the vessel raised in the court below. The defendant having excepted only to the 'last-mentioned instruction,' as the bill states, there is but one question for review in this court, and that is the correctness of the 'last instruction.'
 The second instruction, which was excepted to, raises only the question whether, on the assumption that the policy was a valued one, the amount insured was on the round voyage, or whether it was applicable to the risk of each voyage.
 The defendant contended, and so asked the judge to instruct the jury, that the insurance was on the round voyage, and that they were therefore entitled to a deduction for the freight earned on the outward voyage. This was negatived in the charge, and to this 'last-mentioned instruction the defendant excepted.' This excludes with an emphasis any intention to except to the first instruction, which declared the policy to be a valued one.
 The only question, therefore, is, whether this was a correct exposition of the law.
 In the case of Hugg v. Augusta Insurance Company, 7 How., 610, the insurance was 'on freight of the barque Margaret Hugg, at and from Baltimore to Rio Janeiro, and back to Havana or Matanzas, or a port in the United States, &c., to the amount of $5,000,' &c.
 It was insisted by defendants that the voyage insured was one entire voyage, and that they were entitled to a deduction of the freight earned on the outward cargo from Baltimore to Rio.
 But this court said: 'We are of opinion that, upon a true construction of the policy, the insurance was upon every successive cargo that was taken on board in the course of the voyage out and home, and is to be applied to the freight at risk at any time, whether on the outward or homeward passage.'
 Mr. Justice NELSON delivered the opinion of the court.
 
 
 1
 This is a writ of error to the Circuit Court of the United States for the district of South Carolina.
 
 
 2
 The suit was brought in the court below on a policy of insurance, for $4,000, on the freight of the barque Susan, on a voyage from Charleston to Rio Janeiro, and from thence to a port of discharge in the United States.
 
 
 3
 The vessel sailed with a full cargo on the 11th June, 1855, when she was stanch and strong, and arrived at the port of Rio Janeiro, where she discharged her outward lading, and took in a return cargo, and on the 10th October, 1855, started on her return voyage, but was compelled, for want of strength and soundness, to put back to the port of departure, where she was condemned as unseaworthy, and sold, and the whole freight of the return voyage lost.
 
 
 4
 The counsel, upon this state of facts, which is all that appears in the bill of exceptions, insisted that the policy was an open one, and the insurers liable for only one thousand dollars; but the court instructed the jury that the agreement proved was for a valued policy.
 
 
 5
 The counsel then insisted, that the four thousand dollars having been insured on the round voyage, the insurers, from the evidence, were liable only for one-half the sum insured—the other half being covered by the freight of the outward voyage; but the court charged, that the loss of the freight on the return voyage was a total loss, and that, upon the case as it appeared, the plaintiff was entitled to the whole amount underwritten. To this last instruction, the counsel for defendants excepted.
 
 
 6
 The counsel for the plaintiff in error, on the argument, referred to the clause in the policy by which 'it is also agreed, that if the above-named vessel, upon a regular survey, shall be declared unseaworthy, by reason of her being unsound or rotten, or incapable of prosecuting her voyage on account of her being unsound or rotten, then the assurers shall not be responsible on this policy;' and insisted that the condemnation of the vessel as unseaworthy, after returning back to the port of Rio Janeiro, brought the case within it.
 
 
 7
 But the answer to this position is, that no such question was made on the trial, or presented to the court for decision, and therefore cannot be entertained here; neither does the evidence in the case enable the counsel to raise any such question, as it does not appear that the condemnation proceeded from the causes specified in this clause of the policy. 7 Wh., 610; 10 ib., 418. It is enough, however, to say, that the question, for aught that appears in the bill of exceptions, was not raised on the trial.
 
 
 8
 As it respects the question whether the policy was an open or valued one, no exception was taken to the ruling that it was a valued one. The point was not pressed, probably; as we see, from a memorandum of the agents of the company in the case, that it was intended by the agreement to be a valued policy.
 
 
 9
 The remaining question, and indeed the only one presented in the bill of exceptions, is, whether the voyage insured is one entire voyage from Charleston to Rio Janeiro, and back to the port of discharge in the United States, and consequently the underwriters entitled to a deduction of the freight earned on the outward voyage?
 
 
 10
 The court is of opinion, upon the true construction of the policy, the insurance was upon the freight of each successive voyage, and is to be applied to the freight at risk at any time, whether on the outward or homeward voyage, to the amount of the valuation.
 
 
 11
 The case, in this respect, is not distinguishable from Hugg v. the Augusta Insurance and Banking Company, (7 How., 595.) See, also, 3 Caines, 16; 7 Gill. and John., 293; 2 Phillips on Insurance, 31, 34.
 
 
 12
 Judgment of the court below affirmed.