## CLARK *v.* FREDERICKS.

1. A judgment will not be reversed because the court below erred in directing the order in which the evidence was introduced, unless it clearly appears that the complaining party was thereby injured.

2. An objection to matters which was not brought to the attention of the court below will not be considered here.

3. The finding below covering all the issues is conclusive, and where a request for special findings was refused, this court will assume that they were not established by the evidence.

ERROR to the Supreme Court of the Territory of Montana.

Davis, having obtained a judgment against Wellington A. Fredericks, sued out a writ of attachment, by way of execution, which Clark, the sheriff of Gallatin County, Montana Territory, levied upon some personal chattels alleged to belong to the judgment debtor, but which his wife claimed were her separate property. This suit was, therefore, brought in the District Court of that county, by her, against Clark and Davis, to recover possession of the chattels, or their value in case the delivery of them could not be had.

There was a judgment for the plaintiff, which was, on appeal, affirmed by the Supreme Court of the Territory. Clark and Davis sued out this writ. The assignment of errors is set out in the opinion of the court.

*Mr. Richard T. Merrick* and *Mr. Martin F. Morris* for the plaintiffs in error.

*Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson* for the defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The errors assigned in this case are : —

1. That Mrs. Fredericks, when on the stand as a witness in her own behalf, was not permitted to answer certain questions put to her on cross-examination ;

2. That the court did not separate its findings of fact from its conclusions of law ; and,

- 3. That the court did not find the distinct facts requested by the plaintiffs in error.

As to the first assignment, it is sufficient to say that no harm could have resulted from the ruling on the cross-examination, as in a subsequent stage of the case, when the questions were clearly proper, the witness testified fully as to all the matters originally inquired about. A judgment will not be reversed because of an error of the court in directing as to the order in which testimony shall be introduced, unless it clearly appears that the complaining party has been injured by what was done.

The matter referred to in the second assignment does not seem to have been brought to the attention of either of the courts below, and the objection now made comes too late in this court for the first time. If the defect complained of had been specifically pointed out to the District Court when the findings were filed, it would no doubt have been corrected. There is nothing in all this very confused record to indicate that the point was ever made until the brief for the plaintiffs in error was filed here.

The findings are conclusive as to the facts, and they cover all the issues. Whether the distinct facts set forth in the requests for findings presented by the plaintiffs in error were proved or not we need not inquire. As the court declined to find them, we must assume they were not established by the evidence.

This record is so confused as to be almost unintelligible. If counsel here had been less careful in the presentation of the questions raised for our re-examination, we should have declined to consider the case on this account.

*Judgment affirmed.*