HALEY, Respondent, v. NUNAN, Appellant.

No. 8143; June 23, 1883.

**Appeals—Overruling Demurrer at Request of Appellant.**—A party whose demurrer has been overruled at his own request will not be heard, on appeal from the judgment entered in the case, to question the correctness of the ruling.

**Trial—Findings.**—After a Finding "That the Plaintiff was the owner in possession of the property on the day that the defendant seized upon it and removed it from her possession, custody and control," it is not necessary for the court to make a further finding, so as to dispose of any issue raised by the answer as to ownership of the property by some third person.[1]

APPEAL from Superior Court, San Francisco.

F. M. Husted for respondent; M. C. Hassett for appellant.

McKEE, J.—Action to recover damages for the conversion of personal property. Upon motion of defendant's attorney, a general demurrer to the complaint was overruled, with leave to answer. Yet it is now contended that the court erred in overruling the demurrer. But where a demurrer has been overruled at the request of the demurring party, he will not be heard, on an appeal from the judgment entered in the case, to question the correctness of the ruling: Coryell v. Cain, 16 Cal. 568; Mecham v. McKay, 37 Cal. 154.

The answer filed by the defendant contained specific denials of all the allegations of the complaint. Upon the issues raised the court found that the plaintiff was the owner and in possession of the property at the time of its seizure by the defendant; and that the defendant wrongfully seized the property and converted it to his own use. But there was an amended answer, which contained, besides specific denials of the allegations of the complaint, affirmative averments that the defendant, as sheriff of the city and county of San Francisco, seized the property and sold it, as the property of one A. Husted, to satisfy an execution in favor of ―――― Bartlett v. Husted

---

[1] Cited and followed in Murphy v. Bennett, 68 Cal. 530, 9 Pac. 738, in an action for damages for tearing down a barn and converting the materials.

"and that at the time of the seizure and sale the property was the individual property of A. Husted and not the property of the plaintiff." And it is contended that there is no finding upon the issue raised by the amended answer as to the ownership by Husted of the property at the time of the seizure of it by the defendant.

The amended answer is indorsed: "Filed nunc pro tunc as of date November 31, 1880." Whether it was in fact filed before or after the trial, or at any time before the court filed its findings, does not appear. But assuming that it was on file at the trial and raised the issues which were tried, we see nothing in the contention that there is no finding upon the issue of ownership. The finding is, "that the plaintiff was the owner and in possession of the property on the day that the defendant seized upon it, and removed it from her possession, custody and control." The finding is based upon the evidence in the case, and we must presume that the evidence proved the fact; and as the plaintiff was the owner, of necessity it follows that Husted was not. The appeal being on the judgment-roll alone, the presumption is, there was no evidence to prove that Husted was the owner: Clark v. Fredericks, 105 U. S. 4, 26 L. Ed. 938. The finding was therefore sufficient: Smith v. Acker, 52 Cal. 217.

Judgment affirmed.

We concur: Ross, J.; McKinstry, J.