In re COMMUNITY FINANCE CO. MONTGOMERY v. KNAPP. SAME v. KNAPP et al.

(Circuit Court of Appeals, Fourth Circuit. February 19, 1924.)

Nos. 2140 and 2169; 2161 and 2180.

1. Bankruptcy ⬉⟿440—Order refusing to vacate adjudication not appealable; "proceeding in bankruptcy;" "controversy arising in bankruptcy proceedings."

An order refusing to vacate an adjudication is a "proceeding in bankruptcy," and not a "controversy arising in bankruptcy proceedings," and hence is not subject to review by appeal, under Bankruptcy Act, §§ 24a and 25a (Comp. St. §§ 9608, 9609), but is reviewable only by petition for revision.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bankruptcy Proceedings; Second Series, Controversy Arising in Bankruptcy Proceedings.]

⬉⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Bankruptcy ⊜⟶444—Petition to superintend and revise allowed to be filed only within a reasonable time.**

A petition to superintend and revise in matter of law, under Bankruptcy Act, § 24b (Comp. St. § 9608), is allowed to be filed only within a reasonable time, and rule 36 fixes the limit of a reasonable time at 10 days.

3. **Bankruptcy ⊜⟶444—Moving trial court to vacate adjudication cannot lay foundation for petition to revise.**

Where a final judgment has been entered, refusing to vacate an adjudication, merely again moving the trial court to vacate the adjudication cannot lay a valid foundation for a petition to revise to be filed within 10 days after the entry of an order overruling the motion, under Bankruptcy Act, § 24b (Comp. St. § 9608), and court rule 36.

4. **Bankruptcy ⊜⟶446—Question as to whether partnership existed held question of fact.**

A decision that a person is or is not a partner could, the facts not being in dispute, turn wholly on a question of law, or on both disputed questions of fact and of law, or on disputed questions of fact alone, and where the ruling was a determination of the proper inference to be drawn from testimony, from which more than one inference could reasonably have been drawn, a review of such ruling is of necessity a matter of fact, and not a matter of law, and cannot be had on petition to revise.

5. **Bankruptcy ⊜⟶442—Questions raised first on petition to revise not considered.**

Petitioner for revision of proceedings of District Court in bankruptcy proceedings should not be allowed to raise questions for the first time in the Circuit Court of Appeals.

Petitions to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the District of Maryland, at Baltimore, in bankruptcy; John C. Rose and Morris A. Soper, Judges.

Appeals from the District Court of the United States for the District of Maryland, at Baltimore, in bankruptcy; John C. Rose and Morris A. Soper, Judges.

In the matter of the estate of the Community Finance Company, bankrupt; Joseph S. Knapp, Jr., trustee. On petitions by Augusta S. Montgomery to superintend and revise in matter of law and appeals from certain orders. Judgment affirmed in one case, and remaining cases dismissed.

Charles H. Tuttle, of New York City (Saul S. Myers, of New York City, on the brief), for petitioner and appellant.

Paul R. Kach and Karl F. Steinmann, both of Baltimore, Md. (Steinmann & Meyerhoff, of Baltimore, Md., on the brief), for respondent and appellees.

Before WOODS and WADDILL, Circuit Judges, and McDOWELL, District Judge.

McDOWELL, District Judge. On October 17, 1922, an involuntary petition in bankruptcy was filed in the court below by three creditors against 11 named individuals, said to be copartners trading as the Community Finance Company, and the Community Finance Company, a corporation. It may be here said that, as subsequently appeared, the Community Finance Company was a partnership, and not a cor-

poration. As no point has been made of this error in the petition, we shall disregard it.

On October 30, 1922, an amended petition was offered, in which the names of 3 more alleged partners, including Mrs. Montgomery, the petitioner and appellant here, are set out, and against whom process is prayed; and on the same day an order was made by the court, allowing the filing of the amended petition and directing that the clerk issue summons against the three new parties defendant.

On November 6, 1922, the court made an order directing the 14 alleged partners to appear on November 27, 1922, and show cause why the prayer of the petitioners should not be granted. The order was also required to be published for two consecutive weeks in a specified Baltimore newspaper, the last of the publications to be made at least 10 days before the date aforesaid. On December 4, 1922, an order of adjudication was made. From this point on the dates to be mentioned are, unless otherwise stated, in the year 1923.

On April 13th Mrs. Montgomery filed what is called in the record a petition, praying that the order of adjudication be vacated in so far as it concerned her, and thereupon the court issued a rule requiring the creditors and Knapp, trustee, to show cause why the relief asked by Mrs. Montgomery should not be granted. A hearing was had on this rule on June 27th, at which hearing Mrs. Montgomery and several other witnesses testified at length, and on July 2d the trial court made an order in effect overruling the petition to vacate the order of adjudication.

On July 12th a petition to superintend and revise (2140) under section 24b of the Bankrupt Act (Comp. St. § 9608) was filed in the office of the clerk of this court, and on that day one of the judges of this court made an order extending the time for filing the petition until July 25th. On August 13th the clerk of this court, pursuant to rule 36 (1), mailed to Knapp, trustee, a copy of the last above-mentioned petition and the notice that he was allowed 15 days from the date of the clerk's notice to answer, demur, or move to dismiss. On August 16th, the trustee filed a motion to dismiss and an answer.

On July 12th Mrs. Montgomery filed in the court below a petition for an appeal (2161) from the order of July 2d, which was granted on the day of its presentation. Appeal bond was also given and approved on that day. On September 3d the transcript of record, to serve in support of both the petition for revision (2140) and the appeal (2161), was filed in the office of the clerk of this court.

On August 2d, Mrs. Montgomery filed in the lower court another petition, praying for a vacation of the order of adjudication. On September 15th this petition was denied, and on September 24th a petition to revise (2169) was filed in the clerk's office of this court. On the next day the clerk's notice—rule 36 (1)—was sent to counsel for the respondents, and was followed by a motion to dismiss. A transcript of the record was filed October 31st following, and was intended to serve both in case (2169) and in the appeal (No. 2180) next to be mentioned.

In addition to the petition to revise (No. 2169), the order of the trial court of September 15th, denying the second petition to vacate

the order of adjudication, was on September 21st followed by a petition for an appeal (2180). This was on the same day granted, and appeal bond was then executed and approved. As motions to dismiss each of these four proceedings have been made, we shall consider these motions first.

[1] We are of opinion that both of the appeals should be dismissed, because not authorized by the Bankrupt Act (Comp. St. §§ 9585–9656). An order refusing to vacate an adjudication is a "proceeding in bankruptcy," and not a "controversy arising in bankruptcy proceedings," and hence is not subject to review by appeal under section 24a of the act. See Vallely v. Northern Fire Ins. Co., 254 U. S. 348, 352, 356, 41 Sup. Ct. 116, 65 L. Ed. 297; Moody v. Century Bank, 239 U. S. 374, 377, 36 Sup. Ct. 111, 60 L. Ed. 336; In re Hoyne (C. C. A.) 277 Fed. 668, 670; In re Ann Arbor Mach. Corporation (C. C. A.) 274 Fed. 24, 25; Thompson v. Mauzy, 174 Fed. 611, 98 C. C. A. 457; Rose, Fed. Juris and Proc. (2d Ed.) § 565.

Again, such an order is not appealable under section 25a of the act. Whether the lawmakers merely overlooked the case of a nonresident defendant, summoned only by publication, and who does not learn of the proceeding until after adjudication, or whether the intent was that such defendant should have no appeal from an order refusing to vacate an adjudication, may be open to some doubt. But in either event the result is the same—a petition for revision in matter of law, is the only method of review open to the defendant in this court. See In re Ives, 113 Fed. 911, 912, 51 C. C. A. 541; Hart-Parr Co. v. Barkley, 231 Fed. 913, 914, 146 C. C. A. 109; In re Vanoscope Co., 233 Fed. 53, 55, 147 C. C. A. 123; In re Jacobs, 241 Fed. 620, 625, 154 C. C. A. 378; B–R Electric, etc., Co. v. Ætna Life Ins. Co., 206 Fed. 885, 887, 124 C. C. A. 545; In re De Camp, etc., Co. (C. C. A.) 272 Fed. 558, 560; Missouri Valley, etc., Co. v. Alexander (C. C. A.) 276 Fed. 266, 268.

[2, 3] The motion to dismiss the second petition for revision (No. 2169) may most conveniently be next considered. A petition to superintend and revise in matter of law, under section 24b, is allowed to be filed only within a reasonable time. By its rule 36 (1) this court has fixed the limit of a reasonable time at 10 days from the entry of the order sought to be reviewed, unless the time be extended by a judge of this court. If the foregoing rule is not an absolute futility, it necessarily forbids the practice followed here as the foundation for the petition for revision, No. 2169. A final judgment of the trial court refusing to vacate the adjudication against Mrs. Montgomery had been made and entered on July 2, 1923. If merely again moving the trial court, on August 2, 1923, to vacate the adjudication, can lay a valid foundation for a petition to revise (to be filed within 10 days after the entry of an order overruling the motion), it is obvious that an amazingly simple method of nullifying a rule of this court has been discovered by counsel for the petitioner here. It seems hardly necessary to express the thought that a rule of this court cannot be thus rendered impotent. See Conboy v. First Nat. Bank, 203 U. S. 141, 145, 27 Sup. Ct. 50, 51 L. Ed. 128; Brady v. Bernard & Kittinger, 217 U. S. 595–596, 30 Sup. Ct. 695, 54 L. Ed. 896; Credit Co. v.

Ark. Central Railway, 128 U. S. 258, 261, 9 Sup. Ct. 107, 32 L. Ed. 448; Kingman v. Western Manufacturing Co., 170 U. S. 675, 678, 18 Sup. Ct. 786, 42 L. Ed. 1192.

The motion to dismiss the first petition to revise (No. 2140) is based on the technical ground that the transcript of record was not filed in the clerk's office of this court until after the expiration of the 40 days from the date of filing the petition for revision. See rule 16. The petition was filed on July 12th, and the transcript was filed September 3d. Mention has been made of the fact that on the day that the petition was filed an order was made by one of the judges of this court, under rule 36(1), extending the time for filing the petition until July 25th. It follows that the petition need not have been filed until July 25th, and the transcript was filed within 40 days from that date. It should further be said that no suggestion has been made that the slightest inconvenience was caused to the respondents or to their counsel by the delay. Moreover, the case was submitted here as early as it could have been submitted had the transcript been filed on or before August 22, 1923. The motion to dismiss is without merit and should be overruled.

[4] Consideration of the merits of the first petition to revise (No. 2140) must, of course, be confined to matters of law. A decision that a person is or is not a partner, could, the facts not being in dispute, turn wholly on a question of law or on both disputed questions of fact and of law, or on disputed questions of fact alone. In the case at bar the ruling was a determination of the proper inference to be drawn from testimony from which more than one inference could reasonably have been drawn. A review of such a ruling is of necessity a matter of fact and not a matter of law. In re Frank, 182 Fed. 794, 797, 105 C. C. A. 226.

[5] The assignments of error contain no allegation of an error of law. In the brief for the petitioner several questions of law are attempted to be presented, wholly without regard to the assignments of error. Among others is an argument to the effect that the order of adjudication is erroneous, in that the alleged partners are declared bankrupts "individually," in addition to being declared bankrupts as members of the partnership. As to the merit of this contention we express no opinion whatever. No such contention was made in the trial court. We have carefully read both of the very verbose affidavits embodying Mrs. Montgomery's petitions, or more properly motions, to vacate the order of adjudication. While she stresses and reiterates her denial that she was a partner, and raises some other technical (and unsound) objections to the adjudication, she nowhere even suggests the fact that the adjudication is against her in her individual capacity, as well as in her capacity as a member of the partnership, as a ground for vacating the adjudication. Every consideration of fairness to the respondents forbids that the petitioner should be allowed to raise this question for the first time in this court. See Insc. Co., etc., v. Mordecai, 22 How. 111, 117, 16 L. Ed. 329; Edwards v. Elliott, 21 Wall. 532, 557, 558, 22 L. Ed. 487; Wood v. Weimar, 104 U. S. 786, 795, 26 L. Ed. 779; Clark v. Fredericks, 105 U. S. 4, 5, 26 L. Ed. 938; Norfolk & Western Ry. v. Earnest, 229

U. S. 114, 120–122, 33 Sup. Ct. 654, 57 L. Ed. 1096, Ann. Cas. 1914C, 172; Camp v. Gress, 244 Fed. 121, 124, 156 C. C. A. 549; 3 Corpus Juris, 689, 696.

The judgment of the court below must be affirmed, at the cost of the petitioner, in case No. 2140, and the three remaining cases must be dismissed, at her cost.