---

## In re BAUM.

### (Circuit Court of Appeals, Eighth Circuit. April 5, 1909.)

### No. 91.

1. BANKRUPTCY (§ 446*)—PETITION TO REVISE—SCOPE OF REVIEW.

Where, on a petition to revise and review an order requiring a bankrupt to pay into the registry of the court a certain sum of money or stand committed, the record did not contain the evidence, only such matters of law as were apparent on the face of the record could be considered; it being presumed that the facts disclosed by the evidence were sufficient to sustain the finding and order.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 446.*]

2. BANKRUPTCY (§ 446*)—CONCEALED ASSETS—ORDER FOR DELIVERY.

Where the court found, in an order requiring a bankrupt to pay over money, that the bankrupt had concealed assets, and the order required the payment of money, it would be presumed that the court found that the assets consisted of money which was under the bankrupt's control when the order was made and that he was able to comply therewith.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 446.*]

3. BANKRUPTCY (§ 136*)—ADJUDICATION—EFFECT.

A bankruptcy adjudication operates to transfer to the trustee title to all the bankrupt's property subject to distribution among his creditors, and, if it appears to the court's satisfaction that property of the bankrupt's estate was in the bankrupt's control or possession, a lawful order for its delivery may be made.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

4. BANKRUPTCY (§ 136*)—WITHHELD ASSETS—PAYMENT.

An order requiring a bankrupt to pay over withheld money should require payment to the trustee, and not into the registry of the court.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

5. BANKRUPTCY (§ 136*)—WITHHELD ASSETS—PAYMENT—CONTEMPT.

An order required a bankrupt to pay over withheld money, and declared that in default thereof he be held guilty of contempt, and directed the marshal to arrest and confine him in a specified jail and there safely keep him until the order of the court was complied with or he was discharged. Held, that such order was erroneous as leaving the question of the bankrupt's default and consequent contempt to the determination of the marshal, the bankrupt being entitled to a hearing after default on an order to show cause why he should not be punished for contempt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

Petition for Revision of Proceedings of the District Court of the United States for the Western Division of the Eastern District of Arkansas.

Joseph Loeb (Morris M. Cohn, on the brief), for petitioner.
J. H. Carmichael, for respondent.

Before HOOK, Circuit Judge, and RINER and AMIDON, District Judges.

RINER, District Judge. On the 26th of December, 1907, Newman Baum, the petitioner herein, was adjudged a bankrupt by the United States District Court for the Western Division of the Eastern District of Arkansas upon a voluntary petition. The petition was referred to a referee on the same day, and on the 10th day of January, 1908, James A. Comer was elected trustee by the creditors and duly qualified. On the 24th of April, 1908, the trustees filed a petition with the referee praying that the bankrupt be required to appear on the 15th day of May, 1908, to show cause why he should not turn over to the trustee certain moneys or merchandise alleged to have been knowingly and fraudulently concealed by the bankrupt. A response or answer was filed to the petition of the trustee by the bankrupt denying all of the allegations of the petition. The testimony was taken, and on the 16th of June, 1908, the referee found that the bankrupt withheld from the trustee the sum of $17,929.54. A petition for review was filed by the bankrupt with the referee, and the proceeding, including the evidence taken before the referee, was certified to the District Court. Upon consideration of the record and testimony, the District Court entered the following order:

"This cause coming on to be heard on the petition of Newman Baum, the bankrupt herein, for a review of the order of the court entered herein by the Honorable Charles C. Waters, one of the referees of this court, requiring said Newman Baum to pay over to James A. Comer, trustee in bankruptcy of the bankrupt herein, the sum of $17,929.54, and a certification of said referee as to the disobedience of said Newman Baum of said order and of the recommendation of said referee, and this court, reviewing the testimony, doth find that said Newman Baum has concealed assets and failed to turn over to the trustee the sum of $16,461.62, and he is hereby ordered to pay the said sum of $16,461.62 into the registry of this court within thirty days from the date hereof, and in default thereof that he be held guilty of contempt of this court, and the marshal of this court is directed to arrest said Newman Baum and confine him in the Pulaski county jail, and there safely keep him until the orders of this court shall be complied with or he be discharged by the court."

And a petition to revise and review this order was filed in this court.

The record does not contain the evidence taken by the referee which was before the District Court. We must therefore presume that the facts disclosed by the evidence were sufficient to sustain the finding and order of the court. By this proceeding only matters of law apparent upon the face of the record can be considered. It is insisted by the petitioner that the court erred in ordering him to turn over the sum of $16,461.62 in cash, because the petition to show cause did not state whether the bankrupt had concealed money or merchandise. The court found in its order that he concealed assets, and from the fact that it ordered the bankrupt to pay over money it must be presumed, we think, that it found that the assets consisted of money, and that the same was in his possession and under his control, at

the time the order was made, and that he was able to comply with the order.

An adjudication in bankruptcy operates to transfer to the trustee the title to all of the property of the bankrupt which was subject to distribution among his creditors, and, if it appears to the satisfaction of the court that property of the bankrupt's estate is in the control or possession of. the bankrupt, a lawful order for its delivery may be made. The court, of course, could not require the petitioner to do an impossible thing and then punish him for refusing to perform it. Therefore, from the fact that the court ordered him to pay over the money, it must necessarily have had before it testimony sufficient to satisfy it of his ability to comply.

The order, however, should be modified in two respects. It directs the petitioner to pay the money into the registry of the court within 30 days. We think the order should require him to pay the money to the trustee. It further provides—

"and in default thereof that he be held guilty of contempt of this court, and the marshal of this court is directed to arrest said Newman Baum and confine him in the Pulaski county jail, and there safely keep him until the orders of this court shall be complied with or he be discharged by the court."

This leaves the question of his default and consequent contempt of court to be determined by the marshal, without further action on the part of the court. He was entitled to a hearing upon that question, and it would then be a question for the court to determine whether or not he was guilty of contempt. The order should be modified, directing the bankrupt to pay the sum, which the court found he concealed, to the trustee within 30 days, and in default thereof that he show cause why he should not be punished for contempt.

The case is remanded to the District Court with instructions to modify its order in conformity with the suggestions made in this opinion, and, as so modified, the order is approved and confirmed, and the petition for review dismissed at the costs of the respondent.