HEGNER v. AMERICAN TRUST & SAVINGS BANK.

(Circuit Court of Appeals, Seventh Circuit. October 25, 1910. Rehearing Denied April 11, 1911.)

No. 1,680.

BANKRUPTCY (§ 463*)—REVISION PROCEEDINGS—SUFFICIENCY OF RECORD.

Without either the testimony or a settlement of facts, whereon an order of a court of bankruptcy is predicated, the record presents no question of law which can be reviewed on a petition to revise, under Bankr. Act July 1, 1898, § 24b, c. 541, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 926; Dec. Dig. § 463.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois, in Bankruptcy.

In the matter of the United States Decalcomania Company, bankrupt. Petition by William Hegner against the American Trust & Savings Bank, as trustee in bankruptcy of said Decalcomania Company, to revise an order of the District Court. Petition dismissed.

William Hegner, pro se.

Alvin H. Culver, Martin M. Gridley, and Christopher King, for respondent.

Before GROSSCUP and SEAMAN, Circuit Judges, and CARPENTER, District Judge.

PER CURIAM. This petition purports to be filed under section 24b of the Bankruptcy Act, to review and revise, in matter of law, an order of the District Court, sitting in bankruptcy.

It avers, in substance: that petitioner presented before the Referee in bankruptcy his claim against the estate for allowance as a preferred claim; that the claim consists of a note and chattel mortgage executed by the bankrupt, which was unrecorded until a few days before commencement of bankruptcy proceedings, whereof petitioner is holder, as assignee, for value; that the chattel mortgage was upon personal property of the bankrupt which came to the possession of the trustee in bankruptcy and was sold for the benefit of the estate; that the claim was disallowed by the Referee as a secured or preferential claim against the proceeds, and allowed "only as a general or unsecured claim" against the estate; that the District Judge, upon petitioner's application for review, overruled his objections to such order, "except to allow petitioner, if he so desired, to file his claim as a general creditor," and approved the order of disallowance. It then states, that "the question of law decided by said court" was "that the mortgage was a preferential transfer" and not entitled to enforcement as a lien; and assigns error in various forms upon such rulings. The record shows that issues of fact and law were raised, and testimony was heard thereupon, before the Referee, but neither the testimony nor distinct findings of fact upon such issues, are preserved therein. While the petition further states, that "the Referee certified to the said court, the question presented, a summary of the evidence relative thereto and his finding and the order made therein," the only matters so certified, which are exhibited with the petition or in the record, are the order referred to, together with the Referee's opinion, mentioning several facts as appearing and his deductions against the validity of the mortgage. It is neither designated as a finding of facts, nor does it purport to state either the issues of fact or the ultimate facts thereunder. Without either the testimony or settlement of facts whereon the order is predicated, the petition presents no question of law for review. The petition is, therefore, dismissed.