In re PETERSEN.

(District Court, D. Nevada. June 26, 1917.)

1. BANKRUPTCY ⬅228—DECISION OF REFEREE—SETTING ASIDE BY COUNSEL.

If it is purpose of counsel by agreement to set aside decision of referee in bankruptcy, they should do so by some direct and unequivocal action, not by attempting to review order without consulting referee, or securing any records from his office.

2. BANKRUPTCY ⬅228—DETERMINATION OF REFEREE—REVIEW.

If counsel wish District Court to review determination of referee in bankruptcy, record to be examined should be made up and submitted, under the Bankruptcy Act and the General Orders in bankruptcy, and until this is done the court cannot review the proceedings before the referee.

3. BANKRUPTCY ⬅228—ORDER OF REFEREE—REVIEW—GENERAL ORDERS.

A party to an order made by the referee on the merits cannot have a review of it, unless he pursues the mode prescribed in General Order in Bankruptcy No. 27.

4. BANKRUPTCY ⬅228—ORDER OF REFEREE—REVIEW.

The Bankruptcy Act contemplates that the record on review of an order of the referee shall be made up by him and also by him certified to the District Court.

5. BANKRUPTCY ⬅342½—ORDER OF REFEREE—REVIEW—SUMMARY OF EVIDENCE.

On review of order of referee in bankruptcy sustaining objections to claim on note, secured by chattel mortgage and presented by bankrupt's wife, if existence of fraud as to creditors on part of bankrupt is still in issue, there should be a detailed summary of the evidence, not a mere statement of conclusions, in relation to the alleged fraud.

6. BANKRUPTCY ⬅228—ORDER OF REFEREE—REVIEW—AGREEMENT AS TO EVIDENCE.

On review of order of referee in bankruptcy, agreement as to what conclusions should be drawn from evidence does not afford District Court sufficient data to enable it to determine whether there has been misstatement of evidence, particularly when referee's summary of evidence is not submitted.

In Bankruptcy. In the matter of Emil Petersen, bankrupt. On review of order sustaining objections to claim on note. Matter recommitted to referee.

See, also, 252 Fed. 849.

George Springmeyer, of Reno, Nev., for petitioner.

James D. Finch, of Reno, Nev., for trustee.

FARRINGTON, District Judge. In this case Emma Petersen presented as a preferred claim against the bankrupt a note for the sum of $3,000, secured by a chattel mortgage. The trustee objected to the claim, that it did not sufficiently describe the property, and that it was given to hinder, delay, and defraud the creditors of the bankrupt. The claimant asks the court to review the order of the referee in bankruptcy sustaining these objections.

An agreed statement of facts and a brief on behalf of the claimant were filed in this court. Accompanying these documents was a stipulation in the following words:

"It is hereby stipulated and agreed, by and between the petitioner and trustee, acting by and through their respective attorneys, as follows: That the trustee waives filing a brief and submits the matter on the showing made before the referee, that oral argument before the court is waived by both parties, and that this matter may stand submitted upon petitioner's brief and the agreed statement of facts herein: Provided, that the court does not require further authorities or oral argument."

Save these three documents, nothing has been filed which the court may consider on review.

Section 39 of the Bankruptcy Act declares that the—

"referees shall * * * (5) make up records embodying the evidence, or the substance thereof, as agreed upon by the parties in all contested matters arising before them, whenever requested to do so by either of the parties thereto, together with their findings therein, and transmit them to the judges. * * * (9) Upon application of any party in interest, preserve the evidence taken, or the substance thereof, as agreed upon by the parties before them when a stenographer is not in attendance." Act July 1, 1898, c. 541, 30 Stat. 555 (Comp. St. 1916, § 9623).

The twenty-seventh order in bankruptcy reads thus:

"When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referce, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

The referee has not certified the question presented by the petition for review, or the summary of the evidence, or his findings or order thereon; in fact, he has transmitted no records of the hearing before himself or pertaining to a review in this court, although it appears from the agreed statement of facts that a petition for review was filed. Except the assertion in the agreed statement that the order is based on a misstatement of facts, there is nothing to indicate that the referee was requested by either party to make up the records embodying the evidence, or the substance thereof, as agreed on by the parties. The agreed statement, though it purports to have been made by James D. Finch, attorney for the trustee, and George Springmeyer, attorney for the claimant, Emma Petersen, is signed by Mr. Finch only. The statement recites facts showing that the bankrupt actually owed the claimant, then his wife, some $3,000, secured by a chattel mortgage duly recorded. It asserts that the mortgagor and the mortgagee "both testified that the mortgage was given bona fide, and there was no evidence to the contrary, and that both parties endeavored to comply with all the requirements of law"; that the mortgage was upon all work stock, driving horses, harness, and blacksmith tools then owned by the mortgagor, also on all book accounts and bills owing the mortgagor, two buggies, one spring wagon, and farming implements, all of which were specifically pointed out and designated at the time the mortgage was executed. The mortgage did not include range horses, eight wagons, a safe, two hay presses, grain, wood, and hay owned by the bankrupt. Some of the work horses died, and were not replaced. In the course of his business as a freighter, the mort-

gagor took his horses from one county to another, but his headquarters were in Ormsby county, Nev.

"The mortgagee did not receive any payments on the mortgage; she knew, and did not object to the mortgagor giving a second mortgage, and making small payments on it."

The statement concludes as follows: The trustee objected to the original claim—

"as a secured claim, because the mortgage did not contain an adequate, proper, or full description of the location of the property attempted to be mortgaged therein." "Thereupon the referee disallowed the claim as a secured claim, but allowed it as an unsecured claim, upon the ground of insufficiency in the description of the mortgaged property, and upon the ground of constructive fraud. The mortgagee, claimant under claim No. 15, filed a petition to review the referee's decision, upon the grounds that the decision is against the law and the evidence, and is based upon a misstatement of the evidence adduced at the hearing."

[1, 2] What purports to be a copy of the referee's decision and order appears in the petitioner's brief. The inclusion of this order in the brief constitutes its only authentication. There is no copy of the mortgage, or of the referee's summary of the evidence, if he made one. In the brief it is stated that the mortgagee objected to the referee's statement of the evidence, and, in order to avoid the necessity of having the evidence taken again, the attorneys had entered into an agreed statement of the evidence. It is not easy to avoid the suspicion that counsel have attempted to procure a review of an order without consulting the referee, or securing any records from his office. If it is their purpose by agreement to set aside the decision of the referee, they should do so by some direct and unequivocal action. If they wish this court to review the determination of the referee, the record to be examined should be made up and submitted in the manner provided in the Bankruptcy Act, and in the General Orders in Bankruptcy. Until the statutory practice is substantially complied with, the court cannot review the proceedings before the referee.

[3] A party to an order made by a referee after a hearing on the merits, cannot have a review of it unless he pursues the mode prescribed in General Order 27. Collier on Bankruptcy, p. 604. This method seems to be exclusive. Collier on Bankruptcy, p. 604; Hegner v. American T. & S. Bank (C. C. A. 7th Cir.) 187 Fed. 599, 109 C. C. A. 429, 26 Am. Bankr. Rep. 571; In re Home Discount Co. (D. C. Ala.) 147 Fed. 538, 17 Am. Bankr. Rep. 168; In re Greek Mfg. Co. (D. C. Pa.) 164 Fed. 211, 21 Am. Bankr. Rep. 111; In re Clark Coal & Coke Co. (D. C. Pa.) 173 Fed. 658, 23 Am. Bankr. Rep. 273.

[4] To reverse an alleged order of that official, on a record no part of which emanated from his office, would be manifestly unfair. The Bankruptcy Act contemplates that the record on review shall be made up by the referee, and by him certified to this court. Collier on Bankruptcy, p. 604.

[5] In the brief counsel declares there is not one scintilla of evidence that the mortgage was given to hinder, delay, or defraud cred-

itors, and none to show any actual fraud. The review here is asked on the ground that the order is based on a misstatement of the evidence, but the incorrect statement is not before me. If the existence of fraud is still an issue in the case, there should be a detailed summary of the evidence, not a mere statement of legal conclusions in relation to the alleged fraud. In the absence of a copy of the referee's summary, its contents can be gathered only inferentially from the brief and the copy of the decision. From the latter the following quotations are taken:

"With mortgagee's knowledge and consent he [the mortgagor] continued to use and treat the mortgaged animals and other property as his own, taking them where he would, losing some horses by death in distant work. He also, with her knowledge and consent, collected bills and accounts, applied the money collected to his own use, and never accounted to mortgagee, or paid her anything. Likewise, without objection from the mortgagee, who knew of the transaction, he incumbered most of the mortgaged property with another mortgage, directly violating the written terms of the first mortgage. Mortgagee testified that she took the mortgage to protect herself, and (under cross-examination) also to enable her husband to keep on in business."

"The description of all the property except the bills and accounts is clearly insufficient."

"The testimony of mortgagee also showed that, though the mortgage was given to secure a bona fide debt for funds actually advanced by her or in her behalf, yet that she had in mind, not merely the securing of her own debt, but the protection of her husband against the claims of others, to whom he was also in debt, that he might continue his business."

If the decision of the referee is correctly copied, he must certainly have heard some testimony which he believed sustained the objections to the mortgage. Whether this evidence will support a finding that the mortgage was executed to hinder, delay, or defraud creditors, is the question. Possibly this is where the difference between the referee and the attorney for the mortgagee lies.

[6] An agreement as to what conclusions should be drawn from the evidence does not afford sufficient data to enable me to determine whether there has been a misstatement of the evidence, particularly when the referee's summary of the evidence is not submitted. On the record presented, this court can neither uphold nor reverse the decision of the referee. The whole matter must therefore be recommitted to that officer, for such further proceedings as the litigants are entitled to demand under the law.