### MOHLER v. NORRIS (two cases).

(Circuit Court of Appeals, Eighth Circuit. July 5, 1923.)

Nos. 6282, 241.

1. **Bankruptcy 440—Order denying injunction to stay suit reviewable only by petition to revise.**

An order of a District Court denying petition of a bankrupt for stay of a suit or proceeding against him in a state court is not reviewable by appeal, but only on petition to revise under Bankruptcy Act, § 24b (Comp. St. § 9608).

2. **Bankruptcy 446—On petition to revise appellate court cannot review facts.**

On a petition to revise under Bankruptcy Act, § 24b (Comp. St. § 9608), the appellate court can consider only questions of law, and cannot disturb the trial court's findings of fact.

3. **Bankruptcy 424—Judgment for seduction not dischargeable in bankruptcy.**

A judgment against a bankrupt in a state court, where seduction of the plaintiff therein under promise of marriage was alleged and was an issue submitted to the jury, is not dischargeable in bankruptcy.

Appeal from and Petition to Revise Order of the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

In the matter of Jacob H. Mohler, bankrupt. Appeal by bankrupt from and petition by bankrupt to revise an order denying bankrupt's petition for a stay of proceedings in a state court by Kathryn Clinton Norris. Appeal dismissed, and order affirmed on petition to revise.

Francis V. Robinson and Jacob Fawcett, both of Lincoln, Neb. (W. W. Towle, of Lincoln, Neb., on the brief), for appellant-petitioner.

Richard F. Stout, of Lincoln, Neb. (Harry A. Reese, of Lincoln, Neb., on the brief), for appellee-respondent.

Before LEWIS and KENYON, Circuit Judges, and TRIEBER, District Judge.

KENYON, Circuit Judge. [1, 2] This case is here by appeal and also by petition to revise. The question at issue is the action of the District Court of the United States for the District of Nebraska deny-

ing appellant or petitioner application for an order staying garnishment proceedings in the state court of Nebraska in aid of a judgment in favor of appellee or respondent against appellant or petitioner, for alleged seduction under promise of marriage. Clearly the action of the District Court is not subject to appeal under subdivision a, § 25, c. 4, of the Bankruptcy Act (Comp. St. § 9609). The action of the court is reviewable only under section 24, subd. b (section 9608). It is urged and argued that this court review the facts. Under a petition for review we cannot disturb the trial court's findings of fact, and can consider only questions of law. This is so well settled by such a numerous line of authorities in this and other courts that the subject is no longer open to debate. Duryea Power Co., Bankrupt, v. Sternbergh, 218 U. S. 299, 31 Sup. Ct. 25, 54 L. Ed. 1047; Gaudette v. Graham, 164 Fed. 311, 90 C. C. A. 243; Lesaius v. Goodman, 165 Fed. 889, 91 C. C. A. 567; In re Baum, 169 Fed. 410, 94 C. C. A. 632; Goodman v. Curtis, 174 Fed. 644, 98 C. C. A. 398; In re Stewart, 179 Fed. 222, 102 C. C. A. 348; In re Lee, 182 Fed. 579, 105 C. C. A. 117; In re Blum, 202 Fed. 883, 121 C. C. A. 241; In re Holden, 203 Fed. 229, 121 C. C. A. 435; B-R Electric & Telephone Mfg. Co. v. Ætna Life Ins. Co., 206 Fed. 885, 124 C. C. A. 545; In re Martin, 210 Fed. 620, 127 C. C. A. 256; Hall v. Reynolds, 224 Fed. 103, 139 C. C. A. 659; Olmsted-Stevenson Co. v. Miller, 231 Fed. 69, 145 C. C. A. 257.

[3] The question in this case was whether or not the judgment secured by respondent against petitioner was a judgment that could be discharged by proceedings in bankruptcy. That depended upon whether or not in the suit in the state court in which said judgment was secured the seduction of the plaintiff (respondent) under promise of marriage was an issue in the trial. If so, the judgment could not be discharged in bankruptcy. If otherwise, it could be. Section 17, c. 3, Bankruptcy Act (Comp. St. § 9601).

With the fact therefore established by the finding of the trial court that the question of seduction was submitted to the jury in the state court and was an issue in that court, the only question for us to consider is whether or not on such state of facts the court erred in his conclusion of law. It could not be seriously contended that he did, and we have no hesitancy in reaching the conclusion that his decision as to the law was correct. Hence there is no further question for us to determine.

The purpose of the Bankruptcy Act was to relieve honest debtors. Congress was careful to provide that certain liabilities should not be released. Among those was damages awarded for the seduction of an unmarried female. The philosophy of the bankrupt law was to enable the honest debtor to start anew with a clean slate. It was not to help the seducer to a fresh start and make easy his pathway.

The appeal is dismissed, and the petition to revise is denied.