## DOUGLASS v. BLAIR.

(Circuit Court of Appeals, Ninth Circuit. April 19, 1926.)

No. 4693.

1. **Bankruptcy ⊂⊃440—Administrative order authorizing sale of bankrupt's property is reviewable only by petition to revise.**

An administrative order, such as an order authorizing sale of property, made in the ordinary course of bankruptcy between the filing of the petition and final settlement of the estate, is not appealable, but reviewable only by petition to revise.

2. **Bankruptcy ⊂⊃446—Order of District Court is not reviewable on petition to revise, where there is no transcript of record showing findings or containing evidence.**

An order of the District Court is not reviewable on petition to revise, in the absence of findings of fact or the record, showing the evidence on which the court acted.

Appeal from and Petition to Revise an Order of the District Court of the United States for the Northern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

In the matter of Russell O. Douglass, bankrupt. A creditor appeals from and petitions to revise an order of the District Court. Appeal and petition dismissed.

P. J. Wilkie, of Sacramento, Cal., for petitioner and appellant.

A. B. Reynolds and George E. McCutchen, both of Sacramento, Cal., for respondent and appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Douglass petitions for a revision of an order of the District Court, denying an order to show cause and dissolving a preliminary injunction and restraining order (section 24b of the Bankruptcy Act [Comp. St. § 9608]), and also appeals from the said order.

His petition sets up that he is a creditor of Russell O. Douglass, adjudged a voluntary bankrupt on May 22, 1924; that after adjudication in bankruptcy the creditors of a partnership firm of which the bankrupt was a member, by written agreement and deed to them made by the bankrupt, took over the interests of the bankrupt, upon the consideration that the parties creditors would operate the firm business and pay the claims of the creditors of the firm and the claims of them, the contracting creditors; that thereafter the bankrupt filed a petition, asking discharge from all debts and liabilities allowed against his estate, and that the referee ordered the bankrupt to turn over to Blair, trustee, all of his individual assets for the benefit of the partnership creditors; that upon review by the District Court the order of the referee was affirmed on March 14, 1925, and thereafter the trustee in bankruptcy was granted authority by the referee to sell a stage franchise belonging to the bankrupt to satisfy the claims of the partnership creditors; that thereafter petitioner obtained an order from the District Court, commanding the referee

and trustee to show cause why they should not be restrained from proceeding to sell the individual assets of the bankrupt to satisfy the claims of partnership creditors before exhausting the assets of the aforesaid partnership; that on August 21, 1925, the order to show cause was heard and denied, and the restraining order theretofore issued was dissolved and the cause was referred to the referee for further proceedings.

In his petition this last order is said to be erroneous in matter of law, in that it sets aside the terms of a written contract between the creditors of the partnership firm not in bankruptcy, which contract was made for the satisfaction of the claims for which the sale of the individual property of the bankrupt was sought; that it takes individual assets of the bankrupt to satisfy partnership debts, which have already been satisfactorily settled; that it takes from the petitioner, an individual creditor in the sum of $3,000, the property secured to him by law, before exhausting partnership assets; that it requires no accounting; that it sanctions the sale of the individual assets of the bankrupt to pay claims of a firm of which the bankrupt never was a member, a new partnership having been formed at the time of the signing of the agreement, consisting of the remaining partner of the old firm and the creditors signing the agreement; that petitioner is the only individual creditor of the bankrupt estate, and that he has not sought the sale of individual assets.

[1] As the order complained of was made in the ordinary course of bankruptcy proceedings between the filing of the petition and the settlement of the estate, appeal therefrom will not lie. Morehouse v. Hardware Co., 177 F. 337, 100 C. C. A. 647; In re Convisser (C. C. A.) 6 F.(2d) 177. Our consideration is limited to matters of law presented by the petition for revision. Dickas v. Barnes, 140 F. 849, 72 C. C. A. 261, 5 L. R. A. (N. S.) 654; Black on Bankruptcy, § 47.

[2] The petition, however, fails to include a transcript of record of the District Court, or to show what facts were before the District Court when it made its general order dissolving the temporary restraining order and denying a temporary injunction; nor does it allege that there was no testimony supporting the order of the judge; nor does it appear that there was application to the court for specific findings of fact, or that the court made any such findings. It follows that, without having before us the record upon which the court rendered its decision, we cannot determine whether the ruling upon questions of law was correct. Courier-Journal Printing Co. v. Schaefer-Meyer Co., 101 F. 699, 41 C. C. A. 614; In re Pettingill, 137 F. 840, 70 C. C. A. 338; In re Holden, 203 F. 229, 121 C. C. A. 435; In re Wood, 248 F. 246, 160 C. C. A. 324; Hegner v. American Trust & Savings Bank, 187 F. 599, 109 C. C. A. 429; Collier on Bankruptcy, p. 845.

The appeal and petition are dismissed.