## In re ROSEN.

### McCABE v. ROSEN.

(Circuit Court of Appeals, Eighth Circuit. April 28, 1926.)

### No. 278.

1. Bankruptcy ⬳446.

Only questions of law may be considered under petition to revise.

2. Bankruptcy ⬳136(2).

To warrant order requiring bankrupt to turn over property or money alleged to be concealed by him, evidence should be clear and satisfactory.

**3. Bankruptcy ⬧446—On petition to revise, evidence will be presumed to sustain order reversing order of trustee directing bankrupt to turn over assets alleged to be concealed by him from bankruptcy trustee.**

On petition to revise, evidence will be presumed to sustain order of District Court, reversing order of referee directing bankrupt to turn over specific sum to bankruptcy trustee as assets fraudulently concealed from trustee, and, in absence of material portions of evidence from record, Circuit Court of Appeals cannot determine, as matter of law, that evidence was not sufficient to support order.

Petition to Revise Order of the District Court of the United States for the District of North Dakota.

In the matter of R. C. Rosen, bankrupt. Petition by J. E. McCabe, trustee in bankruptcy, to revise an order of the District Court, reversing an order of the trustee directing bankrupt to turn over to trustee money alleged to be concealed. Petition to revise dismissed.

H. F. O'Hare and E. B. Cox, both of Bismarck, N. D., and Kay Todd, Walter Fosnes, Charles W. Sterling, and R. H. De Lambert, all of St. Paul, Minn., for petitioner.

John F. Sullivan, J. M. Hanley, and W. J. Sullivan, all of Mandan, N. D., for respondent.

Before LEWIS, Circuit Judge, and MUNGER and JOHNSON, District Judges.

MUNGER, District Judge. The defendant was adjudicated a bankrupt, and his trustee in bankruptcy filed a petition before the referee in bankruptcy, alleging that the bankrupt was concealing $20,000 belonging to his estate. The referee ordered the bankrupt to show cause why he should not pay this sum to the trustee. A hearing was had before the referee upon the petition and the bankrupt's answer, and testimony was offered on behalf of the petitioner and on behalf of the bankrupt. The referee found that the bankrupt, at the time of his adjudication, fraudulently concealed $20,000 from the trustee, and entered an order directing the bankrupt to pay that amount to the trustee. The bankrupt filed a petition for review, and the District Court, after a hearing upon this petition, reversed the order of the referee. The trustee has filed a petition in this court to revise the order of the District Court.

[1] The sole ground of error alleged is that the evidence given before the referee was sufficient to warrant the order which was made by the referee. Only questions of law may be considered under a petition to revise (In re Baum, 169 F. 410, 411, 94 C. C. A. 632;

Henkin v. Fousek, 246 F. 285, 290, 159 C. C. A. 15; Collier on Bankruptcy [13th Ed.] p. 832), and the only question of law presented in this proceeding is whether the decree of the District Court is wholly unsupported by the evidence. The adjudication in bankruptcy was entered January 23, 1923, by consent of the bankrupt, on a petition filed against him on January 16, 1923. The bankrupt had been engaged in business at Bismarck, N. D., as a retail merchant.

The testimony given before the referee on behalf of the trustee proceeded upon the general theory that the bankrupt's known assets possessed by him on January 1, 1922, plus the value of the merchandise purchased by him, and plus the amount of money borrowed by him, up to the date of his bankruptcy, exceeded by more than $20,000 the value of the bankrupt's merchandise on hand at the time of his bankruptcy and the amounts he had paid out for expenses and had paid to his creditors, and required an inference of fraudulent concealment. The bankrupt was examined as a witness. Some of his books of account were offered in evidence, such as those called the journal, inventories, record books of accounts with creditors, and books showing his bank deposits. A large number of papers and documents and books were also offered, including the bankrupt's bank checks for a period of about two years, certificates of bank deposits, and financial statements made by the bankrupt to a creditor. Some witnesses testified, as expert accountants, to the conclusions they had reached as to some features of the bankrupt's business transactions, and presented summaries and tabulations prepared by them. Seventy-one of these exhibits are shown to have been received in evidence, and many of them consisted of a large number of pages. None of these exhibits are in the record presented to this court.

The testimony which is presented has been carefully read, and it is apparent that no definite conclusion can be reached as to the question involved, in the absence of these exhibits. It also appears that the testimony of the bankrupt and of another witness given at an examination in the bankruptcy proceedings was offered in evidence, but this is not contained in this record. This condition of the record probably arose because of a stipulation made by counsel, by which they intended to submit only such evidence as was deemed material, and by which they agreed that the original exhibits could be produced at the hearing upon the petition for revision as if they had been attached to it and made a part of the record. Rule 14 of the Court of Ap-

peals Rules for this circuit provides that "no case will be heard until twenty-five copies of the printed manuscript of the record, containing in themselves and not by reference, all the papers, exhibits, depositions, sketches, drawings, photographs, maps, blue prints and other proceedings which are necessary to the hearing in this court * * * shall have been filed in this court." Counsel may have mistakenly supposed that the original exhibits could be offered at the time of submission of the case, but the case was submitted in briefs, and no such offer was made.

Upon consideration of the portions of the evidence presented by the record, it appears that there was testimony from which the court could have found that the total assets of the bankrupt on January 1, 1922, were of the value of $19,500, including a stock of merchandise valued at $18,000 by the bankrupt and mercantile fixtures valued at $1,000. There was testimony of purchases of goods before bankruptcy at a cost price of $42,625.73, a total of $62,125.73. The testimony does not disclose the amount the bankrupt received from sales of merchandise after January 1, 1922. He borrowed a large amount of money. His deposits in banks in 1922 amounted to $40,314.08, but the portions of this derived from sales or derived from loans is not shown. There was testimony that his disbursements during this year amounted to $43,555.41. The money disbursed, added to the estimated cost price of the merchandise on hand at his bankruptcy, $24,227.76, shows a total of $67,783.17.

On behalf of the trustee it is claimed that the bankrupt should account for the value he had placed on his stock and fixtures on January 1, 1922, of $19,500, for $40,314.08 deposited in the bank in 1922, and for $11,564.76 borrowed money, a total of $71,378.84. This would leave a balance unaccounted for of $3,595.67, instead of the $20,000 which the referee ordered turned over to the trustee. But the amount of the borrowed money is left indefinite in the testimony, and a portion of it is embraced in the item of $40,314.08 deposited in the bank. The value of the goods owned by the bankrupt on January 1, 1922, is not clearly shown, and there is no definite testimony as to the total cost price of the goods on hand at the time of the bankruptcy. [2] To warrant an order requiring a bankrupt to turn over property or money, alleged to be concealed by him, the evidence should be clear and satisfactory. Boyd v. Glucklich, 116 F. 131, 134, 53 C. C. A. 451; Remington on Bankruptcy (3d Ed.) § 2409.

[3] It must be presumed that the evidence

before the court sustained the order which was made, and in view of the absence of material portions of the evidence from the record, it cannot be determined, as a matter of law, that the evidence was not sufficient to support the order. In re Baum, 169 F. 410, 411, 94 C. C. A. 632; In re Throckmorton, 196 F. 656, 658, 116 C. C. A. 348; Hegner v. American Trust & Savings Bank, 187 F. 599, 600, 109 C. C. A. 429.

The petition to revise will be dismissed.