## GORDON v. SCHRIEBER.

(Circuit Court of Appeals. Eighth Circuit. May 10, 1926.)

No. 285.

**1. Bankruptcy ☞446.**

On petition to revise, under Bankruptcy Act, § 24b (Comp. St. § 9608), appellate court must accept referee's findings of fact as sustained by proof.

**2. Bankruptcy ☞288(1)—Rights of transferees of bankrupt's stock of goods and lease of building, under transfer made over four months before petition was filed, held determinable in summary manner, where they did not claim right to possession of entire building under lease filed after bankruptcy trustee took possession.**

Where transferees of bankrupt's stock of goods and lease of two-story building, under transfer made over four months before petition was filed, did not claim entire building under terms of lease, and lease was not recorded until after trustee took possession, *held* that, in absence of showing that trustee had actual notice of lease until after he took possession, transferee's rights in such property could be summarily determined, especially where lower court found that transferees were in possession as agents of bankrupt.

Petition to Revise Order of the District Court of the United States for the District of North Dakota.

In the matter of the estate of Abe Gordon, bankrupt. Petition by Jay Gordon to revise an order of the District Court, affirming an order of the referee in favor of O. A. Schrieber, as trustee in bankruptcy, that petitioner and another had no right or interest in certain property. Petition dismissed.

C. E. Brace, of Minot, N. D. (L. J. Palda, Jr., of Minot, N. D., on the brief), for petitioner.

G. W. Twiford, of Minot, N. D., for respondent.

Before LEWIS, Circuit Judge, and FARIS and PHILLIPS, District Judges.

LEWIS, Circuit Judge. This is a petition filed here seeking revision of proceedings of the Bankruptcy Court because, as alleged, there was error in law in making the order complained of on a summary hearing. Bankruptcy Act, § 24b (Comp. St. § 9608).

The petition and exhibits therewith set forth the action taken in the court below. They also show that Abe Gordon was adjudged bankrupt on January 30, 1922, on petition of creditors filed on the 16th of that month; that respondent was elected trustee on March 2d following; that the bankrupt owned a lot in the town of Minot, North Dakota, and a two-story building thereon; that bankrupt was a retail merchant having a stock of men's clothing and furnishing goods on the first floor of the building; that on September 1, 1921, he gave to petitioner, Jay Gordon, and Nathan Kopald a bill of sale of his stock of merchandise and on the same day a lease on the entire premises for a term of ten years commencing on that day, wherein it was covenanted that the lease might be renewed for an additional ten years; that Jay Gordon, petitioner and Kopald took immediate possession of the stock of goods and the first floor of the building occupied by the stock, and thereafter placed the lease on public record on May 19, 1922; that in March, 1922, the Bankruptcy Court, through its receiver appointed for that purpose, took possession of the stock of merchandise and of the first floor of the building; that Jay Gordon and Kopald were in possession of the first floor and the stock of merchandise from September 1, 1921, until the receiver took possession, and during that time they continued to carry on the mercantile business; that the bankrupt had theretofore assigned the rents to accrue from the building to the Union National Bank, and Gordon and Kopald paid the rent for the store room to the bank out of the proceeds of the business; that after Gordon and Kopald were dispossessed by the receiver they never thereafter had possession of any part of the building, nor did they attempt to repossess themselves of any part of it; that the transfer of the stock of goods by bill of sale and the possession thereof by Gordon and Kopald thereaft-er became a subject of litigation in the District Court in an action brought by respondent-trustee against Gordon and others, and the court decreed that the transfer of the stock was made without consideration and for the purpose of covering up and concealing the bankrupt's property and hindering and delaying his creditors, and that transaction was held fraudulent and set aside. None of the evidence is presented here, and some of the facts which we have stated are stated as facts in the petition presented to us, and some of them are found only in the findings of the referee in the proceedings here complained of, which we accept as having been established by the testimony on the hearing before him.

In February, 1925, the trustee filed his petition with the referee, by which he sought to procure an order that Gordon and Kopald had no right or interest in the lot and building. They were cited to show cause, if any they had, why such an order should not be made. Kopald thereupon abandoned any claim of right under the lease and gave the trustee a formal release. Gordon appeared and moved to dismiss the petition presented to the trustee, on three grounds: (a) That the trustee had no jurisdiction of the parties; (b) that he had no jurisdiction of the subject-matter; and (c) that the Federal court was without jurisdiction and the controversy could be heard only in the State court. He did not file answer, or other pleading, stating what claim, if any, he made or had to the premises. The referee proceeded with the hearing and made the order prayed for by the trustee. In his findings he stated that Jay Gordon testified that the lease was only intended, so far as he was concerned, to cover the first floor of the premises, occupied as a store; that the second floor was renting for about $100 a month and the basement for $70 a month, when he and Kopald went in, and they never collected any rent for the second floor or the basement; that the rents of the building had been assigned by Abe Gordon to the Union National Bank; the date of that assignment is not given, and they paid rent for the store room to the bank out of the proceeds of their business. The referee found that the bill of sale for the stock of goods and the lease were made at the same time and constituted one transaction, and the bill of sale had been decreed invalid and fraudulent by the District Court; that in his opinion Gordon and Kopald's physical possession of the stock and the room in which it was situated was in reality the possession of the bankrupt, and that Jay Gordon had no

bona fide claim to the premises under the lease; that in any event the lease was void as against the trustee for lack of record at the time the bankruptcy proceedings were instituted, and that if there had been any rights in Gordon and Kopald under the lease they had been abandoned. Gordon filed petition for review of the referee's action. While he states in that petition that he was lessee of the premises under the lease of September 1, 1921, he did not seem to rely upon that assertion as the basis of the alleged error of the referee in entering the order, but states:

"Said order is erroneous in this: First, that said referee was without jurisdiction in the premises, since the fact that said respondents were in the actual, open and notorious possession of said premises at the time of the adjudication in said matter and had been in such possession since the 1st day of September, 1921, gave due notice to said trustee of the rights of said respondents in and to said premises even though said lease were not of record at the time of such adjudication and said premises being in the actual possession of said respondents, the question of their rights therein cannot be determined by the referee in a summary manner, but can only be determined in a plenary suit.

"The facts shown by the evidence given upon said hearing do not warrant said judgment of said referee."

The District Judge affirmed the order of the referee.

To the case thus made by the petitioner, as shown on his pleading and the exhibits attached, respondent has filed a motion to dismiss, on the ground that the action of the Bankruptcy Court is not reviewable under section 24b but should have been brought here by appeal, the correctness of that action being determinable only upon an estimate of the facts and not presenting merely a question of law only.

[1] The second objection of the petitioner to the referee's action, noted above, on appeal to the District Judge states the same proposition; i. e., the facts adduced before the referee did not support his action. That, of course, presents an issue of fact and not one of law only. The proposition is applicable here. It rests on this basis: When these proceedings were instituted before the referee three years had elapsed since Gordon and Kopald had been ousted from the store room by the receiver. The referee found that they had made no efforts to regain possession, which we accept as sustained by the proof. In re Baum, 169 F. 410, 94 C. C. A. 632; Mohler

v. Norris (C. C. A.) 291 F. 571. It does not appear that during that time they demanded possession of the receiver or the trustee; nor that they offered to pay rent if possession were restored to them. The Bankruptcy Court, through its officers, continued throughout in possession of all of the premises and the trustee contracted to sell them. So far as disclosed by the record here, the finding of abandonment was supported by the proof. We must assume it was. The same statements may be made as to the finding of the Bankruptcy Court that prior litigation between the trustee and Gordon over the transfer of the stock of goods had the evidentiary effect of avoiding the lease. He found that the two together constituted one transfer, made without consideration, for the fraudulent purpose of concealing the bankrupt's assets. Without the facts we cannot say that either finding is without support.

[2] But petitioner's counsel seems to contend that the mere existence of the lease, when brought to the attention of the referee, as it was by motion to dismiss, was sufficient to prevent summary procedure and require a plenary suit to test its validity. Gordon made no claim to possession according to the terms of the lease, which covered the whole premises. He testified that, as he understood it, he and Kopald had a lease only on the first floor. In effect he repudiated and renounced the lease of September 1, 1921 to him and Kopald. That left the bankrupt in possession as owner of the remainder, the basement and second floor, at the time bankrupt proceedings were initiated. The lease was not placed of record until four months thereafter, and there is nothing in this record to show that the trustee had actual notice of it until after that date, when he had possession of the whole premises. In Weidhorn v. Levy, 253 U. S. 268, 40 S. Ct. 534, 64 L. Ed. 898, relied upon by petitioner, the adverse claimant at time of filing petition in bankruptcy and thereafter had possession under claim of right of property that belonged to the bankrupt. It was never in the possession of the trustee. The court in that case said:

"But in the present instance the controversy related to property not in the possession or control of the court or of the bankrupt or any one representing him at the time of petition filed, *and not in the court's custody at the time of the controversy.*"

Furthermore, we take the findings below, that Gordon and Kopald were not in possession under the lease, but were there as the agents of the bankrupt, and that Jay Gor-

don's claim to an interest under the lease was not made in good faith, as sustained by the proof. In Taubel, etc., Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770, it is said:

"Wherever the Bankruptcy Court had possession, it could, under the Act of 1898, as originally enacted, and can now, determine in a summary proceeding controversies involving substantial adverse claims of title under subdivision (e) of section 67 [Comp. St. § 9651], under subdivision (b) of section 60 [section 9644], and under subdivision (e) of section 70 [section 9654]. But in no case where it lacked possession, could the Bankruptcy Court, under the law as originally enacted, nor can it now (without consent) adjudicate in a summary proceeding the validity of a substantial adverse claim."

And again:

"The possession, which was thus essential to jurisdiction need not be actual. Constructive possession is sufficient. It exists where the property was in the physical possession of the debtor at the time of the filing of the petition in bankruptcy, but was not delivered by him to the trustee; * * * where the property is in the hands of the bankrupt's agent or bailee; * * * and where the property is held by one who makes a claim, but the claim is a colorable one only. As every court must have power to determine, in the first instance, whether it has jurisdiction to proceed, the Bankruptcy Court has, in every case, jurisdiction to determine whether it has possession actual or constructive. It may conclude, where it lacks actual possession, that the physical possession held by some other persons is of such a nature that the property is constructively within the possession of the court."

The court below, then, had a right to proceed with the inquiry notwithstanding Gordon's motion to dismiss, and after the proof was in it made the finding above noted, which, as we have said, must be taken as sustained by the facts.

Petition dismissed.