### In re FRANK.

(Circuit Court of Appeals, Eighth Circuit. November 7, 1910.)

#### No. 103, Original.

1. BANKRUPTCY (§ 444*)—PROCEEDING FOR REVISION—ISSUES.

Under rule 39 of the Circuit Courts of Appeals (150 Fed. cxix; 79 C. C. A. cxix), which provides that the response to a petition to revise, under Bankruptcy Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), shall be filed at least 15 days before the day set for the hearing, the failure of the defendant to deny allegations of fact in such petition will be taken as an admission that they are true.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 444.*]

2. BANKRUPTCY (§ 446*)—PROCEEDING FOR REVISION—JURISDICTION.

On a petition to revise under Bankruptcy Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), a decision may not be revised where such review requires a consideration of conflicting evidence, or evidence, although not conflicting, from which different deductions or conclusions may reasonably be drawn.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 446.*]

3. BANKRUPTCY (§ 136*)—ORDER REQUIRING BANKRUPT TO SURRENDER PROPERTY—VALIDITY.

An order requiring a bankrupt to turn over property to his trustee, based in part on depositions taken without notice to him and without giving him an opportunity to appear and cross-examine the witnesses, is violative of his fundamental rights.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

4. BANKRUPTCY (§ 136*)—PROCEEDING TO REQUIRE BANKRUPT TO SURRENDER PROPERTY—JURISDICTION—INSUFFICIENCY OF PETITION.

The fact that a petition to require a bankrupt to turn over property to his trustee is indefinite or uncertain in its averments does not deprive the referee or court of jurisdiction, but a motion to make it more definite and certain is the proper remedy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 136.*]

Petition to Revise in Matter of Law an Order of the District Court of the United States for the District of North Dakota, in Bankruptcy.

In the matter of Barney Frank, bankrupt. Order requiring bankrupt to turn over money to his trustee reversed.

John E. Greene (L. J. Palda, Jr., on the brief), for petitioner.
Robert H. Bosard, for respondent.

Before SANBORN and ADAMS, Circuit Judges, and REED, District Judge.

REED, District Judge. The petitioner, Barney Frank, was adjudged an involuntary bankrupt January 8, 1908, also the firm of F. Frank & Sons of which he was a member, and the defendant Nash afterwards duly appointed as trustee of their estates. The petition to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

revise alleges, in substance: That the petitioner was examined before the referee at the first meeting of creditors, which began January 30, 1908, and continued at intervals for several days, and at the conclusion of an examination held on February 28th the trustee filed a petition before the referee asking that the petitioner be required to turn over to him $3,774.16 in cash the property of the bankrupt estate, shown by such examination to have been received by the petitioner during the months of November and December, 1907, and for which he has not accounted to the trustee. That upon the filing of this petition the referee made and entered in the presence of the petitioner an order requiring him to appear on Monday, March 2, 1908, and show cause why he should not be required to comply with the demands of the trustee. That the petitioner appeared with counsel before the referee on the day fixed, and before any proceedings were had objected to any hearing upon the petition because "it failed to allege facts sufficient to constitute a basis for such an order." That the objection was overruled, and the petitioner was then called and required to testify to the matters referred to in said petition. That at the conclusion of his examination on that day he requested that he be allowed time to get the testimony of his wife with respect to funds for which he was asked to account. That to this request the attorney for the trustee objected "to the petitioner being excused to go to Sioux City to take the testimony of Mrs. Frank." Whereupon the referee made and entered the following order:

"For the present Mr. Frank is ordered to be within reach, so that he can be gotten here at an hour or two's notice. When it comes to the time of taking the depositions, I will ask Mr. Bosard (attorney for the trustee) * * * if he has actual use for the bankrupt here for examination during that time, and, if he has not, I shall excuse him. If he tells us he has, I shall expect to take his word for it, and I shall not expect that word to be violated."

March 3d the proceedings were adjourned, "to an indefinite time, to be called upon the preparation of depositions, which time was previously asked for." That thereafter on said March 3d the trustee obtained an order for the examination of John Kaufman, S. J. Kruger, and Ada Frank (the latter being the wife of the petitioner) before a referee in bankruptcy at Sioux City, Iowa. That said order was obtained without notice to the petitioner, and thereafter on March 6, 1908, the examination of said witnesses was had pursuant to said order before a referee in bankruptcy at Sioux City, and that at such examination no opportunity was given the petitioner to be present either personally or by counsel, or to participate in the examination of said witnesses. That the testimony of said witnesses so taken is submitted with the certified transcript accompanying this petition and marked "Exhibit D" hereof. That thereafter and on April 2, 1908, the referee upon such testimony, and other testimony included in said "Exhibit D," made and filed an order requiring the petitioner to turn over to the trustee within 20 days the sum of $1,600 in cash, which said order, together with the findings of the referee, is attached to the petition as "Exhibit A." That afterwards the petitioner filed with the referee a petition for review by the judge of said order, and on October 16, 1909, upon a hearing of said petition, the order of the

referee was modified by the judge by reducing the amount the petitioner was required to pay to $1,200, and as so modified the order was approved.. The petition to revise concludes:

"That said last-mentioned order was erroneous **in** matter of law in this:

"First. The said District Court had not jurisdiction or authority to make said order of October 16, 1909, because the petition of the trustee upon which said order and the order of said referee were based did not set forth sufficient facts to vest said court or said referee with authority or jurisdiction, and because no issue was ever framed or joined upon said petition.

"Second. That the proceedings were summary in their nature, and that material parts of the evidence received by the referee was taken without notice to this petitioner and without opportunity being given him to be present or take part in the examination of witnesses whose testimony was offered and received on the part of the trustee in this proceeding, and that in that respect such proceedings were illegal because the petitioner was deprived of rights to which he was entitled, as upon the trial of an issue duly joined.

"Third. The said District Court was without authority to make the order, because the undisputed testimony shows that the moneys thereby ordered paid to the trustee by this petitioner are not, and were not at the time of the making of said order, in the possession of, or under the control of, your petitioner the bankrupt, but were and are in the possession and under the control of one John Kaufman and S. J. Kruger, copartners as Kaufman & Kruger, residing in the city of Sioux City, and the state of Iowa, neither said Kaufman or Kruger being parties to this proceeding; and because they, the said Kruger & Kaufman, held and hold said moneys, adversely to both your petitioner and his trustee, under a claim that said money was paid to them in satisfaction of a loan made by them to the bankrupt."

A prayer follows for the annulment of the order.

Exhibit D attached to the petition does not contain, nor purport to contain, all of the testimony upon which the orders were based; but it does contain the proceedings before the referee at the time the petition of the trustee was filed, the hearing upon that petition, and the manner in which the testimony of the witnesses at Sioux City was procured, and what purports to be the testimony so taken at Sioux City.

The trustee has filed no answer to this petition to revise, and has not otherwise controverted the same, but has filed a motion to dismiss the same upon the ground "that it appears therefrom that the order of the referee, and of the judge approving it, were made upon conflicting evidence and involve questions of fact that can only be reviewed upon appeal and not by petition to revise."

Rules 36 to 44 inclusive of this court (150 Fed. cxviii–cxx, 79 C. C. A. cxviii–cxx) govern the practice herein in proceedings under section 24b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]). Rule 39 is as follows:

"The response to the petition (to revise) when the defendant elects to make a written response, shall be filed at least fifteen days before the day set for the hearing."

This contemplates that the defendant may take issue upon the allegations of the petition and deny or otherwise controvert the facts alleged therein, or he may admit the facts alleged and challenge by demurrer, or in some other appropriate way, their legal sufficiency to warrant the granting of the relief prayed; and a failure to deny or otherwise controvert the facts alleged will be deemed to be an ad-

mission that they are true. The questions for determination then are: (1) Do the facts as alleged and so admitted show that the order of the referee, and that of the court approving the same, rest upon a determination of disputed questions of fact? (2) Do such facts show that material errors occurred in the proceedings before the referee, to the substantial prejudice of the petitioner? A petition to revise under section 24b can properly present for determination only questions of law and not doubtful or disputed questions of fact. But when facts are agreed upon, or are proven or admitted, that leave nothing for determination but their legal import, such a determination of them by the court of bankruptcy may be reviewed upon a petition to revise. But the review of decisions which require the consideration of conflicting evidence, or evidence though not conflicting from which different deductions or conclusions may reasonably be drawn, may not be reviewed upon a petition to revise, but upon appeal only. In re Lee (C. C. A., decided at this term) 182 Fed. 579.

Exhibit D is referred to in the petition to revise, as a part thereof, is attached to it as such, and is treated as a part of the petition by both parties to this controversy. The trustee relies upon the testimony contained therein in support of his motion to dismiss; and the petitioner also relies upon the same testimony as showing conclusively that when the orders were made none of the money he was required to turn over to the trustee was in his possession or under his control, but that the $1,200 now in dispute had been paid by him to Kaufman & Kruger of Sioux City, Iowa, some time in November preceding, in satisfaction of a debt he was then owing them, and that the order in this summary proceeding requiring its return was wholly unauthorized. If these were the only questions presented by the petition to revise, it may be that the motion of the trustee to dismiss should be sustained, for Exhibit D does not contain nor purport to contain all of the testimony upon which the orders complained of rest; and the testimony contained in that exhibit is so conflicting and of such doubtful import that we could not rightly hold as a matter of law that it conclusively shows, as contended by the petitioner, that the money was not in his custody or under his control when the orders were made. But these are not the only questions presented for determination, for the second paragraph or specification of error at the close of the petition to revise alleges:

"That material parts of the evidence received by the referee was taken without notice to the petitioner and without opportunity being given him to be present or take part in the examination of witnesses whose testimony was offered and received on the part of the trustee in this proceeding, and that in this respect such proceedings were illegal, etc."

The facts upon which this specification rests are fully stated in prior allegations of the petition, and are also shown in Exhibit D, aside from the testimony contained in that exhibit, and are not denied. These facts, as well as others alleged, we are required to consider in order to determine this controversy. The motion of the trustee to dismiss is therefore denied.

A majority of the court is of the opinion (Judge SANBORN and the writer agreeing) that the second paragraph of the petition, or spec-

ification of error above set forth, is amply sustained by the prior allegations of the petition and the proceedings before the referee as shown in Exhibit D, aside from the testimony contained in that exhibit, and that the facts so appearing, and not being denied, bring the case within the rule held by this court in Re Rosser, 41 C. C. A. 497–502, 101 Fed. 562–567. Judge ADAMS is of the opinion that, the petition not being denied, we are not required to examine Exhibit D to ascertain what it contains, or whether or not the testimony contained therein is in dispute, or of doubtful import, or whether or not the second specification of error is well founded, and he expresses no opinion upon that question.

In Re Rosser, above, this court said of a proceeding quite similar to this:

"The basic principle of English jurisprudence is that no man shall be deprived of life, liberty, or property without due process of law, without a course of legal proceedings according to those rules and forms which have been established for the protection of private rights. Such a course must be appropriate to the case and just to the party affected. It must give him notice of the charge or claim against him, and an opportunity to be heard respecting the justice of the order or judgment sought. * * * And the opportunity to be heard must be such that he may, if he chooses, cross-examine the witnesses produced to sustain the claim, and produce witnesses to refute it, if a question of fact is in issue. * * * Judicial orders or judgments affecting the lives or property of citizens, in the absence of such a notice and opportunity to the party affected, are violative of the fundamental principle of our laws, and cannot be sustained."

And see In re Wood and Henderson, 210 U. S. 246–254, 28 Sup. Ct. 621, 52 L. Ed. 1046; Michigan Trust Co. v. Ferry, 175 Fed. 667–678, 99 C. C. A. 221.

It is true that the case before us differs from the Rosser Case in that the petitioner here was given two days' notice of the hearing upon the petition filed by the trustee. But that petition was based upon alleged disclosures of the petitioner when under examination before the petition was filed, and when he had no notice that his examination was to be used or would be used upon the hearing of the petition that was subsequently filed; and afterwards further testimony was taken to be used against him upon the hearing, no notice of the taking of which was given and no opportunity afforded him to appear and cross-examine the witnesses; in fact it appears that the petitioner was detained at Minot, N. D., by order of the referee at the instance of the trustee while such testimony was being taken. It therefore clearly appears that the order of the referee deprived the petitioner of his legal rights, and in respect of the taking of the testimony is in effect the same as the order in Re Rosser.

A majority of the court is also of the opinion (Judges SANBORN and ADAMS agreeing) that the third paragraph at the close of the petition hereinbefore set forth is more than a mere specification of error and contains allegations of fact which, not being denied, stand before us as admitted. These allegations are, in substance, that, when the order was made requiring the petitioner to pay to the trustee the $1,200 now in dispute, the undisputed testimony shows that the petitioner did not have that money in his possession or under

his control; that it had been paid by him in November preceding to Kaufman & Kruger of Sioux City, in satisfaction of a debt he was then owing them, and that they then held it under a claim of right thereto adverse to both the petitioner and the trustee. If this is true, it follows as of course that the order of the referee, and that of the court approving the same in this summary proceeding, are without authority of law and void. The writer is of the opinion, however, that this paragraph, like the preceding paragraphs, states only legal conclusions, or specifications of error relied upon by the petitioner for the annulment of the orders complained of which rest upon the prior allegations of the petition; that the undisputed testimony referred to is that contained in Exhibit D, and we must resort to that to determine whether or not the specification of error is well founded; that such testimony is so conflicting and of such doubtful import that the referee and court might well have found therefrom that the $1,200 was in the custody or under the control of the petitioner when the order was made; and that it cannot rightly be reviewed upon this petition to revise, but only upon appeal.

The first of the specifications of error, or of the concluding paragraphs of the petition, is without merit. The referee had jurisdiction to hear and determine the matters alleged in the petition of the trustee. Mueller v. Nugent, 184 U. S. 1–9, 22 Sup. Ct. 269, 46 L. Ed. 405; In re Rosser, 41 C. C. A. 497, 101 Fed. 562. If that petition was indefinite or uncertain in its averments, a motion or some other appropriate request that it be made more definite and certain was the proper remedy. That no answer was filed or issue joined upon the petition would not oust the jurisdiction of the referee, nor of the judge to review his order upon proper petition therefor.

It follows that the petition to revise must be sustained upon the second and third grounds, or specifications of error, contained therein, and the order of the referee and that of the court approving the same, each annulled.

It is, accordingly, so ordered.