HALL v. REYNOLDS et al. †

In re LEWIS PUB. CO.

(Circuit Court of Appeals, Eighth Circuit.   May 24, 1915.)

No. 154.

1. BANKRUPTCY ☞439—PETITION TO REVISE ORDER OF DISTRICT COURT—REVIEW.

The appellate court, on petition to revise under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (Comp. St. 1913, § 9608), is limited to questions of law only, and it cannot review findings of fact made by the District Court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ☞439.]

2. BANKRUPTCY ☞440—PETITION TO REVISE ORDER OF DISTRICT COURT—REVIEW.

An allowance by the District Court for the services of two attorneys of petitioning creditors instituting involuntary bankruptcy proceedings involves only questions of fact as to whether the allowance is a reasonable compensation for the services, and whether the services are of such a nature that the allowance should be apportioned by the court, and a petition to revise the allowance will be denied.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. ☞440.

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition to Revise Order of the District Court of the United States for the Eastern District of Missouri; Elmer B. Adams, Judge.

Petition by Claud D. Hall to revise an order of the District Court, affirming an order of the referee in bankruptcy allowing the petitioner and S. H. King a fee jointly for their services as attorneys for petitioning creditors instituting involuntary proceedings in bankruptcy against the Lewis Publishing Company, bankrupt.   Petition denied.

Claud D. Hall, of St. Louis, Mo., in pro. per. ,

W. C. Marshall and W. W. Henderson, both of St. Louis, Mo., for respondent King.

Stern & Haberman and Eugene H. Angert, all of St. Louis, Mo., for respondent Reynolds.

Before TRIEBER and REED, District Judges.

PER CURIAM.   [1] It is the settled rule of this court, based upon decisions of the Supreme Court, that in a petition to revise, under the provisions of section 24b of the Bankruptcy Act, the power of the appellate court is limited to questions of law only, and it cannot review findings of facts made by the District Court.   In re Rosser, 101 Fed. 562, 41 C. C. A. 497;  In re Baum, 169 Fed. 410, 94 C. C. A. 632;  In re Frank, 182 Fed. 794, 105 C. C. A. 226;  Johansen Bros. Shoe Co. v. Alles, 197 Fed. 274, 116 C. C. A. 636.

[2] As the only questions involved in this proceeding are questions of fact, whether the allowance made was a reasonable compensation

for the services rendered, and whether the services rendered by the two attorneys were of such a nature that the allowance to them should be apportioned by the court, there are no questions of law for this court to revise.

The petition is denied.