HUNTER, WALTON & CO. v. J. G. CHERRY CO. et al.*

In re GURLER & CO.

(Circuit Court of Appeals, Eighth Circuit. December 27, 1917.)

No. 176.

1. BANKRUPTCY ⬤⟶86—SUBPŒNA—PUBLICATION.

Where the printed copy of the order directing the service by publication of the subpœna of an involuntary petition in bankruptcy, directed against a partnership and the individual members thereof, who resided without the district, although they had their principal place of business within the district, omitted the recital that "the subpœna should be served by publication of the order, together with the subpœna," the omission did not make the order misleading or unintelligible, and is no ground for setting aside the adjudication.

2. BANKRUPTCY ⬤⟶100(2)—ADJUDICATION—ERRORS.

Where an involuntary petition in bankruptcy was not referred to the referee until five days after the return day, and his order of adjudication of bankruptcy showed that it was made on the day the proceedings were referred, the fact that the record contained an obviously erroneous recital that the matter came on for hearing on the previous day, which was within four days of the return day, does not warrant vacation of the adjudication under Bankruptcy Act July 1, 1898, c. 541, § 18b, 30 Stat. 551, as amended by Act Feb. 5, 1903, c. 487, § 6, 32 Stat. 798 (Comp. St. 1916, § 9602), declaring that the bankrupts and their creditors may appear and plead to the petition within five days after the return day.

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied May 6, 1918.

**3. BANKRUPTCY ⟨⟩446—REVIEW—PETITION TO REVISE.**

> Where there was evidence in support of the court's denial of a petition to set aside an adjudication in bankruptcy on the ground that the bankrupts, who were partners and resided in another district, did not have their principal place of business within the district of adjudication, the denial of the petition cannot, as it involved controverted questions of fact, be reviewed on petition to revise, authorized by Bankruptcy Act July 1, 1898, § 24b (Comp. St. 1916, § 9608); the petition being confined to matters of law.

Petition to Revise Order of the District Court of the United States for the Northern District of Iowa; Henry Thomas Reed, Judge.

In the matter of the bankruptcy of G. H. Gurler and C. H. Gurler, individually and as copartners under the style of Gurler & Co. The J. G. Cherry Company, a corporation, and others, filed an involuntary petition. After adjudication, Hunter, Walton & Co., a copartnership, filed a petition to set aside the adjudication in bankruptcy. The petition was denied (232 Fed. 1016), and Hunter, Walton & Co. petition to revise the order. Petition to revise dismissed.

Merrick A. Whipple, of Chicago, Ill. (Allen, Whipple & Ward, of Chicago, Ill., on the brief), for petitioners.

A. H. Sargent, of Cedar Rapids, Iowa (Deacon, Good, Sargent & Spangler, of Cedar Rapids, Iowa, on the brief), for respondents.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. On October 2, 1915, J. G. Cherry Company and two other creditors filed an involuntary petition in bankruptcy in the Northern district of Iowa, against the partnership of Gurler & Co., and the individual members thereof, G. H. and C. H. Gurler. The petition alleged that, for the greater portion of the six months next preceding the date of its filing, Gurler & Co. had had their principal place of business in the city of Cedar Rapids, Iowa. The proceeding took its usual course, and resulted in the entry of a judgment on November 5, 1915, in accordance with the petition. The bankrupts were not found personally in the Northern district of Iowa, and the subpœna was served upon them by publication and mailing. January 23, 1916, the petitioners, Hunter, Walton & Co., creditors of the bankrupts residing in Chicago, filed a petition to set aside the adjudication in bankruptcy. It is based mainly upon the claim that the bankrupts in fact did not have their principal place of business at Cedar Rapids, but at De Kalb, Ill. The firm was engaged in the creamery business. The partners resided and kept their firm books and correspondence and office at De Kalb. A very large, if not the principal, amount of their business, so far as volume of trade is concerned, was done at Cedar Rapids. It is claimed by the petitioners, Hunter, Walton & Co., that the business at this point was merely ancillary, consisting of the purchase of cream by an employé who made regular reports to the firm at De Kalb. The trial judge heard a large amount of evidence pro and con as to where the principal place of business of the firm was, and

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

denied the petition to set the adjudication aside. This is a petition to revise that order.

[1] Two minor errors are assigned. By mistake of the printer the following line was omitted from the printed copy of the order directing that the subpœna be served by publication: "* * * Be made by publishing this order together with said subpœna." This omission did not make the order misleading or unintelligible. It is therefore immaterial, and certainly could not be made the basis for such fundamental action as setting aside the adjudication.

[2] The return day fixed by the order of publication and the subpœna was October 30th. By section 18b of the Bankruptcy Act the bankrupts and their creditors "may appear and plead to the petition within five days after the return day." The adjudication, therefore, could not have properly been entered until November 5th. The referee who entered the judgment recites that the matter came on to be heard on the 4th day of November. This was a clerical error, as the proceeding was not referred to him until the 5th. His order of adjudication actually bears date on November 5th. It is plain, therefore, that the recitation of November 4th was a clerical error, and affords no ground for such relief as the petitioners are seeking.

The only support for the petition that has any merit is the claim that Gurler & Co. did not have their principal place of business at Cedar Rapids.

We pass, without expressing any opinion, a question which has not been argued, namely, whether the limitation of 10 days fixed by section 25a of the Bankruptcy Act (Comp. St. 1916, § 9609) for appealing from an adjudication can be avoided by a petition to revise an order refusing to set aside the adjudication after the 10-day period has expired. B–R Electric & Telephone Mfg. Co. v. Ætna Life Ins. Co., 206 Fed. 885, 124 C. C. A. 545; Hart-Parr Co. v. Barkley, 231 Fed. 913, 146 C. C. A. 109; In re Goldberg, 167 Fed. 808, 93 C. C. A. 203; In re Hudson Clothing Co. (D. C.) 140 Fed. 49; Brady v. Bernard, 170 Fed. 576, 95 C. C. A. 656. There are grave objections to keeping an administration in bankruptcy in suspense for a long period, as has been done in this case. It entails upon the bankrupts all the injuries of an actual administration in bankruptcy, without any of the benefits that would accrue to them and their creditors by a speedy administration, such as the bankruptcy law clearly contemplates.

[3] The petition to revise authorized by section 24b of the Bankruptcy Law is confined to matters of law. It cannot involve controverted questions of fact arising upon the evidence, or upon inferences to be drawn from the evidence. In re Lee, 182 Fed. 579, 105 C. C. A. 117; In re Frank, 182 Fed. 794, 105 C. C. A. 226; Hall v. Reynolds, 224 Fed. 103, 139 C. C. A. 659. The question whether the bankrupts had their principal place of business at Cedar Rapids is such a question. There was abundant evidence to support the decision of the trial court. This is true, not only of the direct testimony, but of the inferences properly to be drawn from all the evidence. It follows that the case presents no question which may properly be reached by a petition to revise.

The petition is therefore dismissed.