### In re PEOPLE'S WAREHOUSE CO.

(District Court, S. D. Mississippi, Jackson Division.)

No. 1447.

**Bankruptcy ☞43—Voluntary petition on behalf of corporation held sufficient to give jurisdiction.**

A petition in voluntary bankruptcy filed by the attorney for a corporation, whose action was ratified by a majority of the stockholders and by all the directors who were competent to act for it, the other directors having claims against it, *held* sufficient to give the court jurisdiction.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Bankruptcy ⊚⇒391(3)—Bankrupt entitled to injunction restraining suits in state courts.**

    Where there were more than 100 separate damage claims against a bankrupt corporation, all arising from the same transaction, on some of which .actions had been brought in the state courts, and on all of which liability depended on the same facts, the bankrupt *held* entitled to an injunction restraining prosecution of suits on such claims until it could obtain its discharge, and its trustee *held* entitled to an order requiring adjudication of the claims in the bankruptcy court, where they could be consolidated for trial as to liability.

    In Bankruptcy. In the matter of the People's Warehouse Company, bankrupt. On motion to vacate injunction. Denied.

    Watkins, Watkins & Eager, of Jackson, Miss., and C. H. Williams and J. G. Holmes, both of Yazoo City, Miss., for complainant.

    Barbour & Henry and E. L. Brown, all of Yazoo City, Miss., for defendants.

    FOSTER, District Judge. In this case it appears that the People's Warehouse Company, a Mississippi corporation conducting a cotton compress and warehouse, was adjudicated a bankrupt on a voluntary petition in September, 1920. A receiver was appointed, and thereafter a trustee was duly elected and authorized by the court to· conduct the plant of the bankrupt as a going concern. The bankrupt listed on its schedules debts amounting to $22,840, and there are a number of claims for damages, over 100 at least, on which it denies liability. These claims arose from the breaking of a levee surrounding the premises of the bankrupt, as a result of which certain·cotton then in storage was damaged by water.

    Within a few weeks prior to the adjudication, and even after the adjudication, a number of suits, 22 or more, were filed against the bankrupt in the state courts of Mississippi to recover damages, all growing out of the breaking of the said levee. The trustee and the bankrupt joined in a petition to the District Court, praying that the prosecution of the said suits be enjoined, in order to allow the bankrupt to plead his discharge in bar of same, and in order to prevent a multiplicity of suits against the bankrupt's estate, and suggesting that all such claims and demands should be consolidated into one action, for the purpose of saving costs, and to avoid inconvenience and delay in their trial.

    On this petition a restraining order issued, after which Hon. Edwin R. Holmes, District Judge, recused himself, and the case was allotted to me by designation. Thereafter a petition was presented to Hon. F. M. West, referee, for a preliminary injunction. The referee, doubting his jurisdiction in the matter, declined to issue the preliminary injunction prayed for, but filed findings of fact indicating clearly that the injunction should issue. Thereupon the preliminary injunction issued as prayed for. Thereafter answers were filed to the petition for injunction.

    [1] In April, 1921, a motion was filed to vacate the injunction theretofore granted, and this motion was heard by me in New Orleans. At

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

this hearing it was suggested that the adjudication in bankruptcy should be set aside as a fraud on the court. A petition to dismiss the bankruptcy proceedings had previously been filed, and may be noted incidentally, although perhaps not regularly before this court.

It appears that five members of the board of directors, including the president, of the bankrupt corporation, have adverse claims for damages against the company growing out of the breaking of the levee. These directors adopted a resolution seeking a dismissal of bankruptcy proceedings. It is elemental that directors having adverse claims cannot represent the corporation in any matter pertaining to their claims. See Clark on Corp. p. 493; Fletcher, Cyclopedia Corp. par. 2330.

It is doubtful that ab initio the petition for adjudication was filed by proper authority. Mr. Williams, one of the directors, who was the retained attorney of the corporation, deeming it for the best interests of the corporation, had assumed that authority; however, after the adjudication two of the directors, the only other two entitled to vote on the question, and a majority of the stockholders, ratified his action.

Undoubtedly any person owing debts has the right to seek the bankruptcy court for the purpose of winding up his affairs, and his motive in doing so is immaterial. It also may be considered settled that on a voluntary petition an adjudication may be made as to a perfectly solvent person. Section 4, Bankruptcy Act (Comp. St. § 9588); Collier on Bankruptcy (12th Ed.) p. 141.

The bankruptcy court has been operating the property, and the trustee has incurred liabilities for borrowed money and for expenses under due authority of the court. The court has jurisdiction to authorize the trustee to operate the bankrupt's property as a going concern for a limited period. Bankruptcy Act, § 2 (5), being Comp. St. § 9586. The term "limited period" is, of course, relative, and I do not consider that as yet the administration has been unduly prolonged. Furthermore, I do not consider that any fraud has been practiced on the court in seeking an adjudication in bankruptcy in this case.

[2] The bankrupt also undoubtedly has the right to have a stay of proceedings against him in a state court for such time as may be necessary to secure his discharge. Section 11, Bankruptcy Act (Comp. St. § 9595). As he has 12 months in which to apply for his discharge, I do not think the court should interfere with his discretion in applying for it within that period.

It is unfortunate that in this case the parties have not been able to agree upon some method of liquidating the claims for damages against the bankrupt. There are about 108 claims of this character, all arising from the same transaction. Most of the claimants are represented by the same attorneys. The evidence as to liability in one claim will be the same as in all others. There are certain claims of persons who were directors in the bankrupt corporation. As to them there is some question of estoppel or contributory negligence to be raised, but that will not affect the general proof of liability.

It would be manifestly impracticable for all of these suits to be liq-

uidated in the state courts in separate cases within a reasonable time, and the result might be different in various suits, both as to liability and to equitable assessment of damages, if liability were decreed. The bankruptcy court, possessing equity powers, can give more equitable relief as to all of these claims.

It would then seem a proper case for the exercise of the court's discretion as to the consolidation of these claims as presented. Liability can be established by a hearing in open court before the judge, and, once established, the consolidated case can be referred to a master or an auditor, to ascertain the amount due each claimant. Delay would be avoided and costs saved by such procedure. However, I doubt that at this time the court can take action with regard to such a consolidation. No claims for damages have been filed, and I do not think it would be proper to enter an order for consolidation until the claims are filed in the bankruptcy proceedings. There is yet ample time for filing of all these claims and for a hearing of them.

The motion to vacate the injunction will be denied, without prejudice to the rights of all parties to renew the motion at a proper time.