**JONES v. KANSAS CITY CUSTOM GAR-MENT MAKING CO. et al.**

**In re R. GOTTLIEB CO.**

(Circuit Court of Appeals, Eighth Circuit. June 10, 1924.)

No. 246.

1. **Bankruptcy** ⟺11—**Courts of bankruptcy possess only such powers as are expressly or by necessary implication conferred by act.**

Courts of bankruptcy are of statutory origin, and possess only such jurisdiction and powers as are expressly or by necessary implication conferred upon them by Bankruptcy Act (Comp. St. §§ 9585-9656).

2. **Bankruptcy** ⟺221—**Court of bankruptcy has no jurisdiction to make general reference before adjudication.**

In view of Bankruptcy Act, § 22a (Comp. St. § 9606), court of bankruptcy has no jurisdiction to make general reference before adjudication.

3. **Bankruptcy** ⟺221—**Order of general reference by court of ancillary jurisdiction before adjudication held void.**

Order of general reference to referee in bankruptcy by court of ancillary jurisdiction, before an adjudication in bankruptcy by court of primary jurisdiction, was void, and all proceedings taken and orders entered by such referee were without jurisdiction.

Petition to revise an order of the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Petition to revise an order of the District Court of the United States for the Western District of Missouri by Joseph M. Jones, ancillary receiver of the R. Gottlieb Company, against the Kansas City Custom Garment Making Company and others. Petition dismissed.

Arthur Miller, Frank P. Barker, and Miller, Camack, Winger & Reeder, all of Kansas City, Mo., for petitioner.

Ed. E. Aleshire and Samuel Feller, both of Kansas City, Mo., for respondents.

Before STONE and KENYON, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is a petition to revise under section 24b of the Bankruptcy Act (Comp. St. § 9608). The petition and response show the following facts:

On July 14, 1922, an involuntary petition in bankruptcy was filed against R. Gottlieb Company in the District Court of the United States for the Northern District of Illinois, Eastern Division. That court appointed Edwin D. Buell receiver of the property of the R. Gottlieb Company. It was adjudicated a bankrupt on October 2, 1922. On October 20, 1922, Buell was elected trustee.

On July 20, 1922, Buell, as receiver, filed his petition in the District Court of the United States for the Western District of Missouri, Western Division, for the appointment of an ancillary receiver, and on the same day Joseph M. Jones, the petitioner here, was appointed receiver.

Supplemental to said order of appointment, the court made a general order of reference to George A. Neal, as referee in bankruptcy. Jones qualified as such ancillary receiver on August 4, 1922. Thereafter he filed an application with George A. Neal, as referee in bankruptcy, for an order on the Kansas City Custom Garment Making Company, a corporation, Max Goldberger, and Joseph Goldberger, respondents here, to show cause why an order should not be made requiring them to turn over certain property claimed by the receiver to belong to the bankrupt estate. Respondents filed an answer to the show cause order, wherein they challenged the jurisdiction of the referee to act in the premises, and also set up an adverse claim to the property.

The referee overruled the challenge to the jurisdiction, and after a hearing, on November 11, 1922, made orders requiring the respondents to turn over to Jones, as such re-

ceiver, certain property or its value in money.

Respondents filed their petition with the referee to certify his order to the District Court for review. Thereafter the petitioner filed an application in the bankruptcy court, based on the findings of fact made by the referee, wherein he asked for a provisional order that the respondents be required to give bond to comply with any order which the court might make in the premises or any judgment that might thereafter be entered against them. On May 11, 1923, the court made such provisional order based on the findings of the referee.

On July 17, 1923, the bankruptcy court set aside and vacated the orders made by the referee and its order of May 11, 1923, requiring the respondents to give bond, on the ground that the referee had no jurisdiction in the premises. It is this order which petitioner here seeks to revise.

The order of general reference was made by the court of ancillary jurisdiction before an adjudication in bankruptcy by the court of primary jurisdiction. Section 22a of the Bankruptcy Act, 30 Stat. 552 (Comp. St. § 9606), provides that:

"a. After a person has been adjudged a bankrupt the judge may cause the trustee to proceed with the administration of the estate, or refer it (1) generally to the referee or specially with only limited authority to act in the premises or to consider and report upon specified issues; or (2) to any referee within the territorial jurisdiction of the court, if the convenience of parties in interest will be served thereby, or for cause, or if the bankrupt does not do business, reside, or have his domicile in the district."

[1] Courts of bankruptcy are of statutory origin and possess only such jurisdiction and powers as are expressly or by necessary implication conferred upon them by the Bankruptcy Act. Collier on Bankruptcy (13th Ed.) vol. 1, p. 42; In re Hollins et al. (C. C. A. 2) 229 Fed. 349, 143 C. C. A. 469.

[2] Under the Bankruptcy Act a court of bankruptcy has no jurisdiction to make a general reference before adjudication. Collier on Bankruptcy (13th Ed.) vol. 1, p. 732; In re Back Bay Automobile Co. (D. C.) 158 Fed. 679.

[3] The general reference to George A. Neal, as referee in bankruptcy, was therefore void, and all proceedings taken and orders entered by him, as such referee, were without jurisdiction. The order of the bankruptcy court of May 11th, being predicated upon the findings made by the referee without jurisdiction to act, was properly set aside by the bankruptcy court.

It therefore follows that the petition to revise should be dismissed and the order of the bankruptcy court affirmed. It is so ordered.