**In re STEVENSON.**

No. 6498.

District Court, E. D. Louisiana, New
Orleans Division.

July 2, 1942.

**710**

F. Rivers Richardson, of New Orleans, La., for movant C. L. Robinson.

Maurice B. Gatlin, of New Orleans, La., for exceptor Edwin F. Stevenson.

CAILLOUET, District Judge.

The motion of C. L. Robinson, alleged judgment creditor of the bankrupt Edwin Francis Stevenson, is substantially to this effect:

1. To have rescinded, annulled and set aside the adjudication in voluntary bankruptcy effected herein on April 6, 1942, because, so movant suggests:

Such adjudication was obtained through fraud, and in violation of the Bankruptcy Law of 1938, 11 U.S.C.A. § 1 et seq., in that the bankrupt, upon his petition filed on June 7, 1940, in the United States Court in Bankruptcy, at Meridian, Mississippi (Southern District of Mississippi), was similarly adjudged a voluntary bankrupt, and was discharged as such on July 22, 1940, said Edwin F. Stevenson having "averred himself to be under the jurisdiction of said United States District Court at Meridian, Mississippi" in said former voluntary bankruptcy proceedings.

2. To avoid, annul and set aside said second adjudication of April 6, 1942, "as operating as a stay in proceedings in the State Court affecting mover's right to execution on the judgment held by him against said Edwin F. Stevenson."

3. To avoid and set aside the filing of said Stevenson's petition in forma pauperis inasmuch as his earnings are, so movant alleges, "upwards of $200.00 per month as a railroad fireman."

■ *First:* A creditor, *ordinarily,* may neither oppose a voluntary petition nor move to have a voluntary adjudication set aside. 2. Collier on Bankruptcy, 14th Ed. 1940, §§ 18.46, 18.47, pp. 120, 125; In re A. C. Wagy & Co., Inc., etc., 9 Cir., 1927, 22 F.2d 9; Chicago Bank of Commerce et al. v. Carter, etc., 8 Cir., 1932, 61 F.2d 986.

■ However, *by way of exception,* lack of jurisdiction in the Court, and fraud practiced on the Court, are grounds (but the only grounds) for setting aside a voluntary adjudication, at the instance of a creditor. 8 C.J.S., Bankruptcy, § 67, pp. 477, 478; Id., § 70, subsec. b, pp. 481, 482, 483; Chicago Bank of Commerce et al. v. Carter, etc., 8 Cir., 1932, 61 F.2d 986, supra.

■ There is no question, *here* of lack of jurisdiction in *this* Court; the bankrupt's sworn petition at least avers that the petitioner has resided at New Orleans, within the Eastern District of Louisiana "for a longer portion of the six months immediately preceding the filing" of his petition on April 4, 1942, "than in any other judicial district", and movant in no wise disputes this legally sufficient show of jurisdiction in *this* Court. § 11, Title 11 U.S.C.A.

Jurisdiction does so exist, and it does not appear that the bankrupt practiced fraud upon this Court by filing his petition on April 4, 1942.

■ The provision of the Bankruptcy Law to the effect that a *bankrupt* shall not be granted a second discharge, if, within six years prior thereto, he was granted a discharge in bankruptcy (§ 32, Title 11 U.S.C.A.), in no way precludes a person from bringing voluntary proceedings and obtaining an *adjudication* therein within six years after receiving a discharge in voluntary proceedings. 8 C.J.S., Bankruptcy, § 59, pp. 471, 472; In re Little, 7 Cir., 1905, 137 F. 521.

■■ It was legally possible for Stevenson to have properly represented to the United States District Court for the Southern District of Mississippi, on June 7, 1940, that said Court was then vested with jurisdiction of his petition for adjudication in voluntary bankruptcy, if, as a matter of fact, he had resided in said judicial district (as he swore was the case), "for a longer portion of six months immediately preceding the filing" of said debtor's petition, "than in any other judicial district". It will not be presumed that he practiced fraud on *that* Court, nor will he be *here* permitted to contend that the Court, from

which he secured his discharge in bankruptcy of July 22, 1940, was without jurisdiction to adjudicate him a voluntary bankrupt on June 8, 1940, and to so subsequently discharge him.

 Every presumption is indulged in favor of the jurisdiction of a Court, once assumed. Chicago Bank of Commerce et al. v. Carter, etc., 8 Cir., 1932, 61 F.2d 986.

Especially is this so when jurisdiction was assumed upon the sworn representation of the one who, to serve his own purpose at a subsequent time, then seeks to have it decreed that no jurisdiction actually existed.

Movant's suggestion that Stevenson's second adjudication as a voluntary bankrupt, on April 6, 1942, was obtained through fraud and in violation of the Bankruptcy Law of 1938, is not well-founded, and the motion, as respects this phase of the matters submitted, is overruled.

*Second:* While the movant is without interest in law to urge the action suggested to the Court, relative to the filing of the debtor's petition in forma pauperis, the Court may, on its own motion, assure itself that the bankrupt has not done violence to the indulgent provisions of the Bankruptcy Law, which compels the Clerk of Court to file the voluntary bankrupt's petition without first collecting (as otherwise, his duty) the fees of Clerk, Referee and Trustee, if the petitioner presents his affidavit stating that he "is without and cannot obtain the money with which to pay such fees". 11 U.S.C.A. § 79.

To judge from the bankrupt's sworn "statement of affairs", one may reasonably conclude that the bankrupt's yearly income, as a railroad fireman, is approximately $2,200 and the affidavit is not conclusive of the petitioner's poverty; therefore, the Referee is hereby directed to investigate and report the facts as to the petitioner's ability to deposit the total required legal fees, if, as a matter of fact, such deposit be not *now* promptly effected. In re Collier, D.C.W.D.Tenn.1899, 93 F. 191.

*Third:* Since the bankrupt may not legally be granted, in these present voluntary bankruptcy proceedings, a second discharge in voluntary bankruptcy within six years from his first discharge of July 22, 1940 (11 U.S.C.A. § 32), and since within six years prior to April 4, 1942 (on which date said Stevenson filed his petition in this

second voluntary bankruptcy proceeding), the petitioner was adjudicated a voluntary bankrupt (June 8, 1940) and was granted a discharge (July 22, 1940), the stay of proceedings in the State Court (to which the second paragraph of the motion makes reference) should be vacated. 11 U.S.C.A. § 29. See, also, In re Johnson, D.C.S.D.Ala., Mobile, 1916, 233 F. 841; In re Carmichael, D.C.M.D.Ala., N.D.Montgomery, 1924, 300 F. 255.

See, also, (as to setting aside adjudication, under certain circumstances): In re Nash, D.C.S.D.W.Va.1918, 249 F. 375.

Let judgment, in accordance with the foregoing, be duly entered.